**Henry EDELMAN and Philip Edelman Plaintiffs,**

v.

**SMITH BARNEY, INC. and Elizabeth Clark, Defendants.**

**No. 98 Civ. 691(CBM).**

United States District Court, S.D. New York.

June 23, 1999.

George D. Kappus, Rivkin, Radler & Kremer, Uniondale, NY, for plaintiffs.

Alejandro Schwel, Smith Barney, Inc., New York City, for defendant Philip Edelman.

P. Edward Reale, Twomey, Latham, Shea & Kelley, L.L.P., Riverhead, NY, for defendant Elizabeth B. Clark.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiffs, Henry and Philip Edelman, bring this diversity action against Smith Barney and Elizabeth Clark pursuant to New York Civil Practice Law and Rules § 3001, seeking a judgment declaring them the lawful beneficiaries to the proceeds in their late father's retirement plan (hereafter, "the Edelman Plan"). Presently before the court is defendant Elizabeth Clark's motion for summary judgment. Elizabeth Clark, the surviving spouse of plaintiffs' late father, Dr. Samuel Edelman, seeks summary judgment declaring her the sole beneficiary to the Edelman Plan proceeds maintained by defendant Smith Barney. Plaintiffs contest defendant Clark's claim to these funds, arguing that they are entitled to the proceeds because their father designated them beneficiaries of the Edelman Plan prior to his death. However, defendant Clark challenges that the plaintiffs' designations as beneficiaries were ineffective because she did not consent to their beneficiary designations as required by federal law and the terms governing the Edelman Plan. For the reasons articulated below, the court grants

defendant Clark's motion for summary judgment.

## BACKGROUND

A. Factual History

Plaintiffs, Henry and Philip Edelman, are the sons of the late Dr. Edelman from a previous marriage. Def. Clark's R. 56.1 Stm't ¶ 8.[1] Defendant Elizabeth Clark married Dr. Edelman on May 26, 1994.[2] *Id.* ¶ 5. On April 15, 1997, Dr. Edelman died. *Id.* ¶ 6. Since defendant Clark was married to Dr. Edelman at the time of his death, she is his surviving spouse. *Id.* ¶ 7.

Sometime in the late 1980s or early 1990s, Dr. Edelman established the Edelman Plan, a retirement plan under account number 134–66002–1–4–057. *Id.* ¶¶ 10, 11. Dr. Edelman was self-employed and the sole participant in the Edelman Plan. Def. Clark's Am. Resp. to Plfs.' Am. Additional "Undisputed Facts" (hereafter, "Def. Clark's Am. Resp.") ¶ 38. Smith Barney manages and acts as the custodian of the funds in the Edelman Plan. *Id.* ¶ 37. As of June 29, 1997, the Edelman Plan had grown to $103,826.00. Def. Clark's R. 56.1 Stm't ¶ 33. Both plaintiffs and defendant Clark have made demands that Smith Barney distribute the proceeds of the Edelman Plan. *Id.* ¶¶ 28, 29. However, Smith Barney has frozen the Edelman account until this conflict between the heirs and putative beneficiaries is resolved. *Id.* ¶ 31.

In 1993, Smith Barney merged with Shearson Lehman Hutton to create Smith Barney Shearson, Inc. Ex. 2 to Kappus Aff. Supp. Plfs.Am. Resp. to Def. Clark's R. 56.1 Stm't (hereafter, "Kappus Aff."),

Tr. of Dep. Richard Polimeni dated June 1, 1998 (hereafter, "Polimeni Tr.") at 11. As a result of the merger, all clients of both firms were required to ratify the adoption of their existing retirement plans to the new entity, Smith Barney Shearson. *Id.* at 11, 13–15. Thus, in accordance with this policy, Dr. Edelman executed an adoption agreement on July 28, 1994 to reflect the name change, thereby amending the Edelman Plan and adopting a Smith Barney Shearson Retirement Plan Document # 04, also known as a self-employed profit-sharing retirement plan. Ex. 4 to Plfs.' Am. Resp. to Def. Clark's R. 56.1 Stm't.

This dispute between the putative beneficiaries of the Edelman Plan centers around the validity of two beneficiary designations made by Dr. Edelman in September 1994 and April 1996. Dr. Edelman made four successive beneficiary designations regarding the Edelman Plan. On May 4, 1994, he designated defendant Clark, his ex-wife at the time, as the sole beneficiary of the Edelman Plan, entitling her to one hundred percent of the plan's proceeds. Ex. D to Def. Clark's R. 56.1 Stm't. On May 9, 1994, he clarified his designation to Clark, describing her as his "best friend." Ex. E to Def. Clark's R. 56.1 Stm't. On September 14, 1994, Dr. Edelman executed a change of beneficiary form, naming plaintiffs and defendant Clark as equal one-third primary beneficiaries with respect to the account. Ex. F to Def. Clark's R. 56.1 Stm't. On April 13, 1996, Dr. Edelman executed yet another change of beneficiary form, this time naming his sister, Lenore Edelman, as the primary beneficiary and plaintiffs as contingent beneficiaries.[3] Ex. G to Def.

---

**1.** Except where otherwise noted, citations to "Def. Clark's R. 56.1 Stm't" also incorporate the relevant corresponding paragraph(s) in "Plfs.' Am. Resp. to Def. Clark's R. 56.1 Stm't" and, thus, refer to undisputed facts.

**2.** Clark and Edelman first married in 1977, but later divorced in 1989. However, the couple remarried on May 26, 1994. Def. Clark's Mem. Supp. Summ. J. at 2.

**3.** It should be noted that it is unclear whether Dr. Edelman intended plaintiffs to be primary or contingent beneficiaries with respect to the April 13, 1996 beneficiary form. Although the April 13, 1996 beneficiary form indicates that plaintiffs were listed under the category of contingent beneficiaries, Dr. Edelman inconsistently awarded each of the three named beneficiaries equal one-third shares of the Edelman Plan proceeds, suggesting that he may have intended plaintiffs to be primary

Clark's R. 56.1 Stm't. It is undisputed that Lenore Edelman has assigned, or will assign, any interest she may have in the Edelman Plan to plaintiffs. Def. Clark's R. 56.1 Stm't ¶ 30. It is also uncontested that defendant Clark did not consent to the beneficiary changes made in September 1994 or April 1996. *Id.* ¶¶ 19, 24. The parties further agree that defendant Clark did not make a qualified election to opt out of the Edelman Plan in connection with either the September 14, 1994 or April 13, 1996 beneficiary forms. *Id.* ¶¶ 20, 25.

Thus, the principle question for this court to resolve is which of Dr. Edelman's beneficiary designations is controlling. While plaintiffs maintain that they have rights to the Edelman Plan proceeds under the latter beneficiary designations, defendant Clark asserts that the funds belong exclusively to her.

B. Procedural History

On September 16, 1997, plaintiffs filed their complaint in state court, alleging claims of breach of contract, negligence, and intentional tort against Smith Barney. Compl. ¶ 1. Plaintiffs also seek a declaration of the respective rights, duties, and obligations of the parties with respect to the proceeds of the Edelman Plan. *Id.* On October 28, 1997, defendant Clark removed the case to federal district court in the Eastern District of New York.[4] In her answer dated October 28, 1997, defendant Clark brought three cross-claims against Smith Barney seeking: (1) declaratory or monetary relief entitling her to one hundred percent of the funds in the Edelman Plan; (2) $30,000 plus interest for lost opportunities and foregone interest resulting from Smith Barney's failure to distrib-

ute the Edelman funds upon request; and (3) attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1). Def. Clark's Answer ¶¶ 21–28. The parties then stipulated on December 16, 1997 that the action be transferred to the Southern District of New York.

Defendant Clark then brought this summary judgment motion on June 2, 1998. The motion has been fully briefed by plaintiffs and defendant Clark. This case was transferred from the Honorable Kimba M. Wood to this court on November 30, 1998.

**DISCUSSION**

A. Summary Judgment Standard

Fed.R.Civ.P. 56(c) states that summary judgment shall be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party has the burden of establishing that there are no genuine issues of material fact remaining. Once the moving party meets this burden, the non-moving party has the burden of providing enough evidence to support a jury verdict in its favor. *See Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. In considering a summary judgment motion, all facts must be viewed in the most favorable manner for the non-moving party. *See Heilweil v. Mount Sinai Hosp.,* 32 F.3d 718, 721 (2d Cir.1994).

The court must decide whether the evidence presents a "genuine factual issue

---

beneficiaries. However, it is immaterial to determine whether plaintiffs were designated primary or contingent beneficiaries in April, 1996 since this beneficiary designation was ineffective, as a matter of law. *See* Discussion Section, *infra.*

4. This court has proper diversity jurisdiction over this case pursuant to 28 U.S.C.

§ 1332(a). At the time this suit was brought, plaintiffs, Henry and Philip Edelman, resided in Virginia and Tennessee, respectively, while defendants, Clark and Smith Barney, were both from New York. The amount in controversy is approximately $103,800.00, which clearly exceeds the statutory minimum.

that properly can be resolved only by a finder of fact because it may reasonably be resolved in favor of · either party." *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. The court may only grant summary judgment when "no rational jury could find in favor of the non-moving party." *Gallo v. Prudential Residential Services, Ltd.,* 22 F.3d 1219, 1224 (2d Cir.1994).

**B.   The Edelman Plan**

The parties disagree over the nature and terms of the Edelman Plan. Defendant Clark maintains that Dr. Edelman adopted a No–Frills Keogh Self–Employed Retirement Plan (hereafter, "No–Frills Keogh Plan") that requires spousal consent for all beneficiary changes. However, plaintiffs suggest that the identity and wording of the Edelman Plan is at best unknown. Plaintiffs urge the court to conclude that the Edelman Plan was something other than a No–Frills Keogh Plan, basing their argument on the deposition testimony of two Smith Barney employees, Edwin Rand and Richard Polimeni. Rand testified that Dr. Edelman did not use a standard Smith Barney prototype plan to establish the Edelman account. Ex. 1 to Kappus Aff., Tr. of Dep. Edwin Rand dated May 1, 1998 (hereafter, "Rand Tr.") at 12. Polimeni testified that following Dr. Edelman's execution of the July 1994 adoption agreement, the terms of Smith Barney Shearson Retirement Plan Document # 04 governed the Edelman Plan. Ex. 2 to Kappus Aff., Polimeni Tr. at 11, 13–15. Plaintiffs contend that since Smith Barney has not produced a copy of the Smith Barney Shearson Retirement Plan Document # 04 during discovery, the court cannot conclude, as a matter of law, that any particular term of the Edelman Plan is undisputed.

However, plaintiffs' argument relies on mere speculation that the Smith Barney Shearson Plan Document # 04 is something other than a No–Frills Keogh Plan. It is well-established law that "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986); *Fletcher v. Atex. Inc.,* 68 F.3d 1451, 1456 (2d Cir. 1995); *Quarles v. Gen'l Motors Corp.,* 758 F.2d 839, 840 (2d Cir.1985) (per curiam) ("[M]ere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion."). The well-settled rule regarding summary judgment determinations is

> not whether [a judge] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [non-movant] on the evidence presented. The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant].

*Pocchia v. NYNEX Corp.,* 81 F.3d 275, 277 (2d Cir.1996) (quoting *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505). Here, plaintiffs imply that the absence of a Smith Barney Shearson Retirement Plan Document # 04 somehow proves that the requirement of spousal consent for beneficiary changes is lacking in the Edelman Plan.

The court is unpersuaded by plaintiffs' assailable attempt to manufacture a disputed issue of fact regarding the identity and terms of the Edelman Plan. The evidence presented by both parties is such that any reasonable jury would find that the Smith Barney Shearson Retirement Plan Document # 04, as referenced in the July 1994 adoption agreement, is the same as the Smith Barney Retirement Plan Document # 04, a No–Frills Keogh Retirement Plan. Ex. K to Reale Aff. Supp. Def. Clark's Am. Resp. to Plfs.' Am. Additional "Undisputed Facts" (hereafter, "Reale Aff.").

Rand testified that Dr. Edelman opened a Keogh account in the late 1980s or early 1990s. A "Keogh" plan is a qualified plan that merits special tax treatment because it meets the requirements of Internal Rev-

enue Code (hereafter, "IRC") § 401, *et seq.*, including the spousal consent requirement for all beneficiary changes. IRC §§ 401(a)(11); 417(a)(2). Polemini, another Smith Barney representative upon whose testimony plaintiffs rely, confirmed that Dr. Edelman's account number, 134–66002–1–4–057, is a Keogh account. Ex. M to Reale Aff., Polemini Tr. at 47. Rand further testified that Dr. Edelman's July 1994 adoption agreement was executed as a result of the merger between Smith Barney and Shearson Lehman Hutton; reflecting "just a name change" to the new Smith Barney Shearson, Inc. entity. Ex. 1 to Kappus Aff., Rand Tr. at 34. Polemini was also questioned about the terms governing the Edelman Plan following the merger:

Q: After the merger, did Smith Barney continue to use the Shearson Lehman Hutton prototype plan for any of the pension plans that it administered?

A: I believe for a very short time they continued to use two documents, but then they cut over to the most recent version of the document and all our clients had to amend I believe in 1994. So basically we went to one document in 1994 to get everybody onto the same plan document.

Ex. 2 to Kappus Aff., Polemini Tr. at 11. Polimeni further explained that the adoption agreement is not a stand-alone agreement, but instead incorporates a booklet containing the prototype plan that is referenced in the adoption agreement. *See id.* at 15. Therefore, Dr. Edelman adopted the terms of .Smith Barney Shearson Retirement Plan Document # 04 by signing the adoption agreement.

Furthermore, defendant Clark has produced a copy of Smith Barney Retirement Plan Document # 04. Ex. K to Reale Aff. The fact that the copy she submitted refers to a Smith Barney Retirement Plan Document # 04 rather than a Smith Barney *Shearson* Retirement Plan Document # 04 is not material in light of the discussion detailed above regarding the name-changing effect of the merger.

█ Finally, this court finds that plaintiffs' effort to create a disputed issue of material fact based on Smith Barney's failure to produce certain documents is wholly disingenuous. Plaintiffs could have tried to remedy Smith Barney's alleged failure to disclose by filing a motion to compel with the court, entrusting the court to enforce Smith Barney's compliance with plaintiffs' discovery request. Plaintiffs chose not to exercise this option and, thus, cannot now complain that certain documentary evidence that would allegedly support their claim remains within the exclusive control of defendant. Therefore, the court rejects plaintiffs' assertion that the Edelman Plan is governed by something other than the Smith Barney Retirement Plan Document # 04, a No–Frills Keogh Plan.[5]

Since plaintiffs have failed to meet their burden in presenting sufficient evidence such that a reasonable jury could find that

---

**5.** Plaintiffs further attempt to divert the court's attention from the explicit spousal consent requirements of the No–Frills Keogh Plan by contending that the Edelman Plan may be an individual retirement account ("IRA") that does not require spousal consent for beneficiary changes. Plaintiffs base this contention on the beneficiary designation forms used by Dr.. Edelman. Three of the four beneficiary designation forms used by Dr. Edelman were intended for use only with IRAs. However, the fourth form was for IRAs or self-employed plans like the Edelman Plan. The court finds plaintiffs' argument is unsupported by the evidence, particularly given the fact that following Dr. Edelman's execution of the July 1994 adoption agreement, a Smith Barney Shearson Retirement Plan Document # 04 governed the Edelman Plan. As noted above, Plan Document # 04 is a No–Frills Keogh Plan, not an IRA. Furthermore, the April 1996 beneficiary designation form had a signature line for spousal consent, which would not be necessary for an IRA. Finally, plan activity summaries dated before and after Dr. Edelman's death provided by Smith Barney during discovery identify the Edelman Plan as a Keogh Profit Sharing Custodian Account, not an IRA.

the Edelman Plan is governed by something other than the No–Frills Keogh Plan, the court now turns its attention to the relevant provisions of the No–Frill Keogh Plan that govern this dispute. Specifically, the No–Frills Keogh Plan contains three provisions that make it a qualified contribution plan. A participant under this plan may divest a surviving spouse of his or her rights to the plan benefits only if the spouse consents. Article 1 of the No–Frills Keogh Plan incorporates IRC § 401, *et seq.*, which mandates spousal consent for all beneficiary changes. Ex. K to Reale Aff., Smith Barney, Inc. No–Frills Keogh Self–Employed Retirement Plan, § 1.

Article 8.7 of the No–Frills Keogh Plan further describes the rights of all beneficiaries in relation to the rights of the surviving spouse:

> **Beneficiary.** *Subject to the Surviving Spouse's rights contained in Article 6,* each Participant shall have the right by written notice to the Employer to designate one or more Beneficiaries to receive the Participant's Account balance in the event of the Participant's death prior to the complete distribution of such benefit. Any such designation may be revoked by a Participant at any time prior to death by written notice to the Employer of such revocation. If no such designation is in effect on a Participant's death, the Participant's Beneficiary shall be deemed to be the Participant's surviving spouse or, if none, Participant's estate.

*Id.*, § 8.7 (emphasis added).

Article 6 of the No–Frills Keogh Plan sets forth the requirements for making a qualified election in the event that the surviving spouse chooses to elect out of the Qualified Joint and Survivor Annuity or the Qualified Preretirement Survivor Annuity:

(a) the Participant's Spouse consent in writing to the election;

(b) the Spouse's consent to a waiver is witnessed by a notary public;

(c) the Spouse's consent acknowledges the effect of the election; and

(d) the election designates a specific alternate Beneficiary.

*Id.* § 6.4(c).

**C. The Effectiveness of Dr. Edelman's September 1994 and April 1996 Beneficiary Designations**

■ Articles 6 and 8 of the No–Frills Keogh Plan make clear that defendant Clark's consent was required in order to divest her of her interest in the Edelman Plan. Since the parties do not dispute that Clark did not consent to the September 14, 1994 or April 13, 1996 beneficiary changes, this court finds these two beneficiary designations were ineffective, as a matter of law. Thus, Clark is the sole lawful beneficiary to the Edelman Plan funds.

## CONCLUSION

Viewing the evidence in the light most favorable to plaintiffs, the court concludes that plaintiffs have failed to sustain their burden of presenting evidence from which a jury could reasonably find that the Edelman Plan was something other than a No–Frills Keogh Plan that required spousal consent for all beneficiary changes. Moreover, this court finds that defendant Clark has produced sufficient documentary evidence for this court to conclude, as a matter of law, that she is the sole lawful beneficiary to the Edelman Plan proceeds. Thus, this court grants defendant Clark's motion for summary judgment, finding that the late Dr. Edelman adopted a Smith Barney Shearson Retirement Plan Document # 04 that required spousal consent in order to divest Clark of her interest in the Plan. It is undisputed that Clark was the original beneficiary of the Edelman Plan and that she did not consent to Samuel Edelman's later designations of plaintiffs as beneficiaries. Therefore, this court finds plaintiffs' designations were ineffective and declares that defendant Clark is entitled to all rights and benefits due un-

der the Edelman Plan as the plan's sole beneficiary.