776 A.2d 816 (2001)
Gregory JANSEN, Scott Jansen, and Tony Jansen, Plaintiffs-Respondents,
v.
SALOMON SMITH BARNEY, INC., and Arlene K. Scozzaro, Defendants-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 2001.
Decided May 16, 2001.
*817 Brian F. McDonough, New York City, argued the cause for appellants, (Drinker, Biddle & Shanley, attorneys).
Kenneth J. Isaacson, West Orange, argued the cause for respondents, (Goldberg, Mufson & Spar, attorneys).
Before Judges BAIME and CARCHMAN.
The opinion of the court was delivered by BAIME, P.J.A.D.
The novel question presented by this appeal is whether the putative beneficiaries of a retirement account are bound by an arbitration clause signed by decedent and his financial advisors. Plaintiffs brought this action against defendant brokerage house and its employee claiming that defendants' negligent financial advice to their deceased father deprived them of their portion of decedent's retirement account. Defendants filed a motion to compel the plaintiffs to arbitrate the claim. The trial court concluded that plaintiffs could not be compelled to arbitrate because their rights were independent of those of the decedent upon his death. We disagree with this conclusion and reverse.

I.
The relevant facts are not in dispute. Plaintiffs are the sons of the late Heinz Jansen. Jansen maintained two retirement accounts with defendant Salomon Smith Barney. One account was designated as a Keogh Profit Sharing Plan (Keogh Account), while the other was a traditional Individual Retirement Account (IRA). Upon opening both accounts, Jansen executed a "Client Agreement" which contained the following arbitration clause:
23. ARBITRATION AND GOVERNING LAW ... Any controversy arising out of or relating to any of my accounts, to transactions with you, your officers, directors, agents and/or employees for me, or to this agreement, or the breach thereof, or relating to transactions or accounts maintained by me with any of your predecessor firms by merger, acquisition or other business combination from the inception of such accounts, shall be settled by arbitration, in accordance with the rules then in effect of the *818 NASD, or the Boards of Directors of the NYSE or the American Stock Exchange, Inc., as I may elect. If I do not address to you at your main office within 5 days after demand by you that I make such an election, then you will have the right to elect the arbitration tribunal or your choice. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof.
Another provision of the agreement made the arbitration provision binding on Jansen's potential heirs. The relevant paragraph reads as follows:
25. BINDING EFFECT: This agreement and its terms shall be binding upon my heirs, executors, successors, administrators, assigns, committee and conservators ("successors"). In the event of my death, incompetency, or disability, whether or not any successors of my estate and property shall have qualified or been appointed, you may continue to operate as though I were alive and competent and you may liquidate my account as described in Paragraph 15 above without prior notice to or demand upon my successors. This agreement shall inure to the benefit of your assigns and successors, by merger, consolidations or otherwise (and you may transfer my accounts to any such successors and assigns).
Plaintiffs allege that Jansen wished to bequeath to them collectively a one-half interest in both the Keogh Plan and the IRA, with the remaining interest going to Jansen's wife. Plaintiffs claim that defendant Scozzaro, a financial advisor for Salomon Smith Barney, assured Jansen that plaintiffs would receive their portion of the account at the time of his death.
Upon Jansen's death, defendant Salomon Smith Barney refused to distribute any of the proceeds in the Keogh Account to the plaintiffs.[1] Federal law prohibits distribution of the proceeds of such an account to anyone other than the decedent's spouse absent the spouse's written waiver and consent. 26 U.S.C.A. § 401(a)(11); 26 U.S.C.A. § 401(d); see also Edelman v. Smith Barney, Inc., 55 F.Supp.2d 218 (S.D.N.Y.1999). Plaintiffs subsequently filed this action claiming that defendants had negligently advised their father that the interest in the Keogh Account would pass to them. Defendants argue that the dispute is subject to arbitration in accord with the Client Agreement signed by Jansen.

II.
We begin by recognizing the well settled public policy favoring arbitration. Cty. Coll. of Morris Staff Ass'n v. Cty. Coll. of Morris, 100 N.J. 383, 390, 495 A.2d 865 (1985); Barcon Assocs. v. Tri-County Asphalt Corp., 86 N.J. 179, 186, 430 A.2d 214 (1981); Littman v. Morgan Stanley Dean Witter, 337 N.J.Super. 134, 148-49, 766 A.2d 794 (App.Div.2001). New Jersey law comports with its federal counterpart in striving to enforce arbitration agreements. Yale Materials Handling Corp. v. White Storage & Retrieval Systems, 240 N.J.Super. 370, 375, 573 A.2d 484 (App. Div.1990); see also Federal Arbitration Act, 9 U.S.C. § 2; N.J.S.A. 2A:24-1. An agreement relating to arbitration should thus be read liberally to find arbitrability if reasonably possible. Marchak v. Claridge Commons, Inc., 134 N.J. 275, 282, 633 A.2d 531 (1993); Caruso v. Ravenswood Developers, Inc., 337 N.J.Super. 499, 503, 767 A.2d 979 (App.Div.2001); Alamo Rent A Car v. Galarza, 306 N.J.Super. 384, 389, 703 A.2d 961 (App.Div.1997); Young v. Prudential Ins. Co. of America, Inc., 297 N.J.Super. 605, 617, 688 A.2d 1069 (App.Div.), *819 certif. denied, 149 N.J. 408, 694 A.2d 193 (1997).
Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765, 785 (1983); Quigley v. KPMG Peat Marwick, LLP., 330 N.J.Super. 252, 270, 749 A.2d 405 (App.Div.), certif. denied, 165 N.J. 527, 760 A.2d 781 (2000); Mid-State Securities Corp. v. Edwards, 309 N.J.Super. 73, 79, 706 A.2d 773 (App.Div.), certif. denied, 156 N.J. 379, 718 A.2d 1208 (1998). "[U]nless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue, then a stay pending arbitration should be granted." Wick v. Atlantic Marine, Inc., 605 F.2d 166, 168 (5th Cir.1979); Fastenberg v. Prudential Ins. Co. of America, 309 N.J.Super. 415, 419, 707 A.2d 209 (App. Div.1998).
Although plaintiffs couch their claim as an independent tort action, the complaint essentially sounds in contract. Wasserstein v. Kovatch, 261 N.J.Super. 277, 286, 618 A.2d 886 (App.Div.1993). However, we do not view the legal theory underlying plaintiff's complaint as determinative. Arbitrability of a particular claim "`depends not upon the characterization of the claim, but upon the relationship of the claim to the subject matter of the arbitration clause.'" Wasserstein v. Kovatch, 261 N.J.Super. 277, 286, 618 A.2d 886 (App. Div.1993) (quoting In re Oil Spill by the "Amoco Cadiz", 659 F.2d 789, 794 (7th Cir.1981)). Against that backdrop, we view plaintiff's claim as essentially derivative of the decedent's rights. Consistent with the broad reading of arbitration agreements, plaintiffs' claim qualifies as a "controversy arising out of or relating to any of [Jansen's] accounts."
The question then is whether the plaintiffs' failure to sign the arbitration agreement justifies their noncompliance with its terms. Examining the precise Client Agreement signed in this case, the Mississippi Supreme Court recently determined that the heirs to financial accounts could be compelled to arbitrate their claims relating to negligent management of the funds. Smith Barney, Inc. v. Henry, 775 So.2d 722 (Miss.2001). In that case, the decedent left in trust to her daughter two financial accounts overseen by Smith Barney. Id. at 723. After the funds in both accounts were wrongfully transferred to another party, the daughter sued Smith Barney for breach of fiduciary duty to the estate and negligent conversion of the funds. Id.at 724. Smith Barney sought to compel arbitration. Ibid.
The Mississippi court determined that all of the beneficiary's claims arose out of or related to the decedent's accounts. In reaching this conclusion, the Court emphasized that because the "funds which [were] the subject of [the beneficiary's] claims were derived directly from [the decedent's] accounts and transactions with Smith Barney," the arbitration provision was binding. Id. at 726. The Court rejected the plaintiffs's argument that she was a non-signatory to the agreement and an unintended third-party beneficiary. The Court held that the express terms of decedent's will named the plaintiff a successor to the decedent's rights and thus subjected her to arbitration. Id. at 727. Other jurisdictions have reached similar results. See Herbert v. Superior Court, 169 Cal.App. 3d 718, 215 Cal.Rptr. 477 (Cal.Ct.App.1985)(arbitration clause in group health care plan bound non-signatory adult heirs who were not members of the plan to arbitrate their wrongful death claims); Collins v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 561 So. 2d 952 *820 (La.Ct.App.1990)(non-signatory heirs and successors bound by arbitration provision where the customer agreement expressly bound successors and assigns). Moreover, in other contexts non-signatories have been bound by arbitration agreements through ordinary contract and agency principles. Am. Bureau of Shipping v. Tencara Shipyard S.P.A., 170 F.3d 349, 352 (2d Cir.1999)(non-signatory insurance underwriter compelled to arbitrate); Seborowski v. Pittsburgh Press Company, 188 F.3d 163, 168 (3d Cir.1999)(non-signatory beneficiaries of deceased employees compelled to arbitrate claims alleging breach of collective bargaining agreement signed by deceased employees); Lee v. Chica, 983 F.2d 883, 887 (8th Cir.1993) (non-signatory broker, as signatory's employee and agent, could be compelled to arbitrate plaintiff's claims against him arising out of the agreement); Barrowclough v. Kidder, Peabody & Co., Inc., 752 F.2d 923, 938 (3d Cir.1985), overruled on other grounds by Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110 (3d Cir.1993) (non-signatory future beneficiaries of deferred compensation plan properly subject to arbitration because they joined with a signatory party and had related and congruent interests with the signatory); In re Oil Spill by the Amoco Cadiz, 659 F.2d at 795-96 (non-signatory transport company subject to arbitration as an agent of plaintiff); Dunn Constr. Co. v. Sugar Beach Condominium Ass'n, 760 F.Supp. 1479 (S.D.Ala.1991) (party seeking status under contract as third-party beneficiary is estopped from later renouncing that status in order to prevent a party to the contract from compelling it to arbitrate a claim); Hartford Fin. Sys., Inc. v. Florida Software Servs., Inc., 550 F.Supp. 1079, 1086-87 (D.Me.1982) (citation omitted) (non-signatory individual partners bound by arbitration agreement entered into by the partnership).
We agree with the conclusion reached by the Mississippi Supreme Court and hold that the plaintiffs must arbitrate their claims against defendants. We, of course, recognize that defendants owed a duty of care to take reasonable measures to avoid causing economic damage to an identifiable class of plaintiffs with respect to whom defendants knew or had reason to know would suffer damages as a result of their negligent conduct. People Express Airlines, Inc. v. Consolidated Rail Corp., 100 N.J. 246, 263, 495 A.2d 107 (1985); see also Rathblott v. Levin, 697 F.Supp. 817, 820 (D.N.J.1988) (attorney who negligently drafts a will is liable for the foreseeable economic damages caused to the beneficiaries); Carter Lincoln-Mercury v. EMAR Group, 135 N.J. 182, 195-204, 638 A.2d 1288 (1994) (insurance broker may owe a duty of care not only to the insured who pays the premium and with whom the broker contracts, but also to other parties found within the zone of harm emanating from the broker's action); H.Rosenblum, Inc. v. Adler, 93 N.J. 324, 352, 461 A.2d 138 (1983) (independent auditor who furnishes an opinion with no limitation in the certificate as to whom the company may disseminate the financial statements has a duty to all whom the auditor should reasonably foresee as recipients who would rely on the statements pursuant to reasonable business purposes). Nonetheless, a substantial nexus exists between the subject matter of the arbitration agreement and the claim raised by plaintiffs. Wasserstein v. Kovatch, 261 N.J.Super. at 286, 618 A.2d 886. No matter how denominated, plaintiffs' claim arose out of defendants' alleged failure to abide by the terms of the Client Agreement. "`[N]on-signatories of a contract ... may ... be subject to arbitration if the nonparty is an agent of a party or a third party beneficiary to the contract.'" Garfinkel v. Morristown Obstetrics *821 & Gynecology Assoc., 333 N.J.Super. 291, 308, 755 A.2d 626 (App.Div.2000)(quoting Mutual Benefit Life Ins. Co. v. Zimmerman, 783 F.Supp. 853, 865 (D.N.J.), aff'd, 970 F.2d 899 (3d Cir.1992)). Although plaintiffs did not sign the arbitration provision, they were the intended successors to Jansen's interest in the accounts. They are thus bound by the arbitration clause.
Accordingly the judgement is reversed.
NOTES
[1] Defendants do not dispute that plaintiffs are entitled to one half of the proceeds of the IRA.