18 A.3d 225 (2011)
420 N.J. Super. 7
Alon FRUMER and Michelle Berliner Frumer, Plaintiffs-Respondents,
v.
NATIONAL HOME INSURANCE COMPANY[1] and Home Buyers Warranty Corporation, Defendants-Appellants, and
Leonard Krimsky, Evelyn Krimsky, Richard Bonanomi, AIA, and Bonanomi & Bennett, Defendants-Respondents, and
Concord Valley Development, LLC, Javelyn Development, LLC, Jack Nelson, Design Builder Construction Corporation, Peter M. Jacovino & Son Construction Company, Inc., and City of Englewood, Defendants.
No. A-1379-10T4.
Superior Court of New Jersey, Appellate Division.
Argued March 9, 2011.
Decided May 16, 2011.
*226 Carlos V. Yguico (Gemmill, Baldridge & Yguico, LLP) of the California bar, admitted pro hac vice, argued the cause for appellants (Charles V. Curley (Halberstadt Curley, LLC) and Mr. Yguico, attorneys; Mr. Curley and Mr. Yguico, on the brief).
Eric D. McCullough argued the cause for respondents Alon and Michelle Frumer (Waters, McPherson, McNeill, P.C., attorneys; Daniel E. Horgan, Secaucus, of counsel; Mr. McCullough, on the brief).
Before Judges CUFF, SAPP-PETERSON and SIMONELLI.
The opinion of the court was delivered by
SIMONELLI, J.A.D.
Plaintiffs Alon Frumer and Michelle Berliner Frumer purchased a new home that was covered by a new home buyer's warranty issued by a private plan approved pursuant to the New Home Warranty and Builders' Registration Act (the Act), N.J.S.A. 46:3B-1 to -20. The question presented in this case is whether arbitration is the exclusive remedy available to plaintiffs in their dispute with defendants National Home Insurance Company (NHIC) and Home Buyers Warranty Corporation (HBW). By leave granted, NHIC appeals from the denial of its motion to compel arbitration. For the reasons that follow, we reverse.
In April 2008, plaintiffs purchased a newly-constructed home in Englewood for $997,000. They executed a "Certificate of Participation In New Home Warranty Plan Of 2-10 Home Buyers Warranty" (Certificate). The Certificate identifies NHIC as the warranty guarantor and states that the warranty is offered by HBW as administrator for NHIC. In executing the Certificate, plaintiffs acknowledged receipt of the Certificate and the Home Buyers Warranty Booklet Work-manship/Systems and Structural Limited Warranty Coverage (Booklet).
The Booklet identifies limited warranty coverage for workmanship/systems defects and major structural defects. The Booklet sets forth the method for resolving a dispute over a workmanship/systems defect claim, in part, as follows:
For purposes of these procedures the term "arbitration" means a formal hearing arranged and conducted through an arbitration service designated by the Warranty Administrator in which an arbitrator will make final and binding decisions that may be entered as a judgment in any [c]ourt of competent jurisdiction. The decision of the arbitrator is reviewable only under such circumstances and to such an extent as is available pursuant to the New Jersey Arbitration Act.
Any and all disputes between the Homeowner and Builder, arising from or relating to the Warranty shall be submitted to binding arbitration. Pursuant to the New Jersey New Home Warranty and Builder[s'] Registration Act (P.L.1977, C. 467) the filing of a claim against this limited Warranty shall constitute the election of remedy and shall bar the Homeowner from all other remedies.
Nothing herein shall be deemed to limit the Homeowner's right to elect other remedies except that such election shall bar the Homeowner from pursuing the same claim under this limited Warranty and in accordance with the procedures related hereto. Election of other remedies shall mean the filing of a complaint, counter-claim, cross-claim or third party complaint in any court that alleges matters covered by this limited Warranty in particular or unworkmanlike construction in general.

*227 [(Second and third emphasis added).]
Accordingly, the homeowner can either file a claim for workmanship/systems defects or pursue other remedies; however, once the homeowner files a claim with HBW, binding arbitration is the exclusive remedy for a dispute over the claim.
The Booklet also states that binding arbitration is the exclusive remedy for a dispute over a major structural defect claim:
Should the Homeowner disagree with the Insurer's claim determination, the Homeowner shall call for binding arbitration to be conducted by an Insurer-designated arbitration service. The Insurer shall inform the Homeowner of his/her right to arbitrate at the time of any claim determination and shall provide to the Homeowner a Request for Arbitration form to be submitted to the Insurer. . . . The decision of the arbitrator shall be final and binding and may be entered as a judgment in any court of competent jurisdiction. The decision of the arbitrator is reviewable only under such circumstances and to such an extent as is available pursuant to the New Jersey Arbitration Act.
[(Emphasis added).]
Plaintiffs allege that they discovered numerous defects in the home shortly after moving in, including a water leak in the basement and problems with the roof gutters, window hardware, and the heating, ventilation and air conditioning unit. After plaintiffs' attempts to resolve the matter with the builder failed, on July 1, 2008, they elected to proceed under the warranty by filing a notice of complaint with HBW identifying what they claimed were workmanship/systems defects. HBW referred the complaint to NHIC under file number NJ107449-01. NHIC subsequently assigned additional claim numbers to certain defects, which plaintiffs claim NHIC regarded as major structural defects.
Pursuant to the warranty, NHIC had the option to repair, replace or pay plaintiffs the reasonable cost of repairing or replacing the defects. Following inspections in July and September 2008, NHIC initially chose to repair and/or replace the defects, but denied coverage for failing light wells. Repair work did not commence until the inspections were completed and NHIC authorized the repair work. Demolition work commenced in January 2009.
NHIC paid $350,000 in claim benefits. In September 2009, NHIC ceased the repairs and in February 2010, offered plaintiffs an additional $208,059 to settle the claims ($183,027 for further repairs and $25,032 for temporary lodging expenses). Plaintiffs did not accept the offer. The parties then engaged, unsuccessfully, in non-binding mediation.[2]
Plaintiffs did not proceed with binding arbitration as the warranty required. Instead, they commenced litigation alleging that NHIC and HBW breached the warranty and NHIC acted in bad faith. NHIC and HBW filed a motion to compel arbitration of the claims and stay the action.
After considering the Federal Arbitration Act (FAA), 9 U.S.C.A. §§ 1-16, and the New Jersey Uniform Arbitration Act, *228 N.J.S.A. 2A:23B-1 to -32, the motion judge denied the motion without distinguishing the workmanship/systems defects claim from any potential major structural defects claim. The judge relied on the following provision, which relates only to disputes involving workmanship/systems defects:
Nothing herein shall be deemed to limit the Homeowner's right to elect other remedies except that such election shall bar the Homeowner from pursuing the same claim under this limited Warranty and in accordance with the procedures related hereto. Election of other remedies shall mean the filing of a complaint, counter-claim, cross-claim or third party complaint in any court that alleges matters covered by this limited Warranty in particular or unworkmanlike construction in general.
The judge concluded that
the Warranty leaves open the option for [plaintiffs] to commence litigation, which [plaintiffs have] done in this case. The clause also states that "the filing of a claim against this limited Warranty shall constitute the election of remedy and shall bar the Homeowner from all other remedies." However, the provision does not state that the filing of a claim elects arbitration as the exclusive remedy, and any ambiguity in the language must be inferred against the drafter.
This appeal followed.
We review the denial of a request for arbitration de novo. See Alfano v. BDO Seidman, LLP, 393 N.J.Super. 560, 572-73, 925 A.2d 22 (App.Div.2007). "A `trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.'" Id. at 573, 925 A.2d 22 (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995)). Applying these standards, we conclude there is no ambiguity in the warranty's arbitration provisions and those provisions establish binding arbitration as the exclusive remedy for the dispute over plaintiffs' workmanship/systems defects and major structural defects claims.
We begin our analysis by emphasizing the FAA's and New Jersey's strong policy favoring arbitration. See Lederman v. Prudential Life Ins. Co. of Am., Inc., 385 N.J.Super. 324, 338, 897 A.2d 373 (App.Div.), certif. denied, 188 N.J. 353, 907 A.2d 1013 (2006); Jansen v. Salomon Smith Barney, Inc., 342 N.J.Super. 254, 257-58, 776 A.2d 816 (App.Div.), certif. denied, 170 N.J. 205, 785 A.2d 434 (2001). "New Jersey law comports with its federal counterpart in striving to enforce arbitration agreements." Jansen, supra, 342 N.J.Super. at 257, 776 A.2d 816. Accordingly, "[a]n agreement relating to arbitration should thus be read liberally to find arbitrability if reasonably possible." Ibid.; see also Garfinkel v. Morristown Obstetrics & Gynecology Assocs., 168 N.J. 124, 132, 773 A.2d 665 (2001) ("Because of the favored status afforded to arbitration, `[a]n agreement to arbitrate should be read liberally in favor of arbitration.'" (quoting Marchak v. Claridge Commons, Inc., 134 N.J. 275, 282, 633 A.2d 531 (1993))). Therefore, "courts operate under a `presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" EPIX Holdings Corp. v. Marsh & McLennan Cos., 410 N.J.Super. 453, 471, 982 A.2d 1194 (App.Div.2009) (quoting Caldwell v. KFC Corp., 958 F.Supp. 962, 973 (D.N.J.1997)).
The Act "establishes a program requiring that newly constructed homes conform *229 with certain construction and quality standards and provides buyers of new homes with insurance-backed warranty protection in the event such standards are not met[.]" N.J.S.A. 46:3B-7.1a. Under the Act, a builder must participate in either the new home warranty program established by N.J.S.A. 46:3B-7 or "an approved alternate home warranty security program" (private warranty plan). N.J.S.A. 46:3B-5. Unlike a new home warranty program established by N.J.S.A. 46:3B-7, a private warranty plan need not provide an election of remedies and may limit the available remedy to arbitration. See N.J.A.C. 5:25-4.2. N.J.A.C. 5:25-4.2(e) sets forth some of the private plan's obligations as follows:
A private plan shall provide a complaint, claims and payment procedure which:
1. Provides for an attempt at informal settlement of any claim arising out of the warranty between the builder and the owner and requires that any owner desiring to make a claim provide written notice of the complaint to the builder.
2. Provides for conciliation and/or arbitration of any warranty claim dispute by an independent third party selected and appointed in a manner approved by the Department and disclosed to the owner on or before the warranty date.
3. Provides the owner with an opportunity to accept or reject a conciliation decision in satisfaction of the claim and notice of the opportunity to appeal that decision to a court of competent jurisdiction.
In this case, the builder participated in a private warranty plan. The warranty provides an election of remedies for a dispute involving a workmanship/systems defect claim: the homeowner can either file a claim against the warranty or elect other remedies, but not both. Cf. Marchak, supra, 134 N.J. at 282-83, 633 A.2d 531 (finding the warranty required the homeowner to choose either arbitration or litigation). Where, such as here, the homeowner files a claim against the warranty for workmanship/systems defects, the warranty clearly and unequivocally establishes binding arbitration as the exclusive remedy. There is, however, no election of remedies for a dispute involving a major structural defect claim. The warranty clearly and unequivocally establishes binding arbitration as the exclusive remedy. We are, therefore, satisfied that the arbitration provisions applicable here reflect an enforceable agreement that establishes arbitration as the exclusive remedy for the dispute involving plaintiffs' claims against the warranty.[3] Plaintiffs' breach of warranty and bad faith claims are preserved and resolution of those claims, if necessary, shall abide the outcome of the arbitration.
Reversed and remanded for submission of this matter to binding arbitration. We do not retain jurisdiction.
NOTES
[1] National Home Insurance Company was incorrectly designated as National Homeowners Insurance Company.
[2] We also grant NHIC's motion to strike the mediator's June 2, 2010 email from the appellate record. We reject plaintiffs' reliance on the mediator's comment therein to support their argument that they could elect to arbitrate or commence litigation. The mediator's comment is contrary to the clear terms of the warranty. We also reject plaintiffs' argument that defendants waived their right to arbitrate by engaging in mediation and not disputing the mediator's comment.
[3] Having reached this decision, we need not address NHIC's argument that the FAA governs this issue.