**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0932-16T2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

DONNELL W. ANCRUM,

    Defendant-Respondent.

_____

<div style="border:1px solid black;">

**APPROVED FOR PUBLICATION**

**April 19, 2017**

**APPELLATE DIVISION**

</div>

Argued February 28, 2017 — Decided  April 19, 2017

Before Judges Messano, Suter, and Guadagno.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-01-0336.

Jason Magid, Assistant Prosecutor, argued the cause for appellant (Mary Eva Colalillo, Camden County Prosecutor, attorney; Mr. Magid, of counsel and on the brief).

Stefan Van Jura, Deputy Public Defender, II, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Mr. Van Jura, of counsel and on the brief).

The opinion of the court was delivered by

MESSANO, P.J.A.D.

This appeal requires us to interpret two sections of N.J.S.A. 2C:35-14 (the Statute), the provision of our Criminal Code permitting the court to sentence certain offenders to "special probation." Specifically, we examine N.J.S.A. 2C:35-14(a)(7) (Section a(7)), which provides that the court may sentence a defendant to special probation if, after making other required findings, the court also finds "the person has not been previously convicted or adjudicated delinquent for, and does not have a pending charge of murder, aggravated manslaughter, manslaughter, kidnapping, aggravated assault, aggravated sexual assault or sexual assault . . . ." (Emphasis added). We also must consider N.J.S.A. 2C:35-14(b)(2) (Section b(2)), which provides: "A person shall not be eligible for special probation . . . if the person is convicted of or adjudicated delinquent for . . . a crime of the first or second degree [subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2(d)], other than a crime of the second degree involving . . . robbery or . . . burglary."

In this case, defendant Donnell Ancrum pled guilty to Camden County Indictment Number 13-01-0336, charging him with second-degree burglary, N.J.S.A. 2C:18-2(a)(1) (count one), second-degree robbery, N.J.S.A. 2C:15-1(a)(1) (count two), second-degree aggravated assault (serious bodily injury), N.J.S.A. 2C:12-1(b)(1) (count three), and third-degree aggravated assault (significant

bodily injury), N.J.S.A. 2C:12-1(b)(7) (count four). After merging count four into count three, and count three into counts one and two, and over the State's objection, the judge sentenced defendant to special probation for five years, conditioned upon his enrollment in, and successful completion of, Drug Court. The judge denied the State's request to stay imposition of the sentence. We granted the State's motion for leave to appeal, entered a stay and expedited the appeal. See State v. Rippy, 431 N.J. Super. 338, 347 (App. Div. 2013) ("The State may appeal an illegal sentence, and a sentence not imposed in accordance with law is illegal.") (citations omitted), certif. denied, 217 N.J. 284 (2014). We now reverse, vacate defendant's guilty pleas and remand the matter to the Law Division.

I.

Following an earlier court appearance at which there were apparent discussions regarding defendant's eligibility for Drug Court, the parties appeared before the Law Division judge on July 22, 2016.[1] The judge described the disputed facts of the case:

> [T]he assault consisted of . . . defendant striking the homeowner . . . during the commission of the theft from the home . . . . [T]he defendant entered the home, was . . . discovered either by the homeowner coming back

---

[1] We have not been provided with a transcript from any earlier proceedings, but, we gather from the July 22 transcript that both sides had provided the judge with briefs on the issue.

to the home or having been there unbeknownst to the defendant, and then appearing. . . . [T]he allegation is there was a confrontation. . . . [T]he defendant struck the homeowner.

Great controversy about the degree to which the homeowner was injured, with medical records and other issues that counsel have made me aware of as well.

For drug court purposes, the issue that we confront . . . is . . . if [defendant] . . . [were to be] found guilty of both the aggravated assault and the robbery, would he be eligible to apply to drug court[?]

The judge noted that a conviction for aggravated assault would bar a sentence of special probation and defendant's entry into Drug Court.

However, relying primarily on State v. Mirault, 92 N.J. 492 (1983), the judge concluded that, under the facts of the case, any conviction for aggravated assault would merge with any conviction for robbery or burglary. As a result, "defendant would not be statutorily barred" from entry into Drug Court. The judge also found that based upon the State's representations regarding the facts of the case, and defendant's lack of a prior criminal record, defendant would not be excluded under "paragraph nine either." See N.J.S.A. 2C:35-14(a)(9) (requiring the court find "no danger to the community will result from [defendant] being placed on special probation").

A-0932-16T2

Treatment Assessment Services for the Courts (TASC) evaluated defendant and recommended he receive intensive outpatient treatment.[2] During proceedings on September 28, 2016, the prosecutor argued defendant was ineligible for Drug Court because there was no nexus between his drug abuse and the crime. See N.J.S.A. 2C:35-14(a)(3) ("[T]he present offense was committed while the person was under the influence of a controlled dangerous substance . . . or was committed to acquire property or monies in order to support the person's drug or alcohol dependency . . . ."). The prosecutor noted the TASC report demonstrated defendant's "very minimal" use of drugs or alcohol, and the allegations of violence were inconsistent with defendant's admitted use of only marijuana. Defense counsel countered, contending defendant's admitted marijuana use was "out of control."

The judge determined defendant was "clinically eligible" for Drug Court. Noting defendant had no other source of income, the judge concluded the offense was committed either while defendant was under the influence of cannabis or for the purpose of obtaining money to support his marijuana habit.

---

[2] The TASC report is not in the record.

Defendant pled guilty under oath to all four counts of the indictment without any agreed-upon sentence recommendation by the State, i.e., a so-called "open plea," and with the State continuing to object to defendant's entry into Drug Court. Defendant admitted entering the victim's home without permission and with the intent to commit a crime, "tak[ing] something" from the victim and purposely striking the victim in the face as defendant ran out of the house. Defendant admitted that the victim suffered a concussion as a result, and the judge concluded that established "serious bodily injury." The judge accepted defendant's guilty pleas.

At sentencing on October 26, the State renewed its objection to defendant being placed on special probation and requested he be sentenced to eight years' imprisonment, subject to NERA. The victim told the judge that he had suffered serious injuries because of the assault, including "near constant headaches," sensitivity to noise and light, "balance problems," "permanent damage to the retina" of one eye, and was "still suffering from th[e] attack."

The judge made specific findings under subsections (a)(1)-(9) of the Statute. Because defendant's convictions for aggravated assault merged with his conviction for robbery, the judge concluded defendant had no "pending charge for a disqualifying offense" under Section a(7), nor did he stand convicted of a disqualifying

crime under Section b(2). The judge found aggravating sentencing factors three and nine, see N.J.S.A. 2C:44-1(a)(3) (the risk of re-offense); (a)(9) (the need to deter), and mitigating factor ten. See N.J.S.A. 2C:44-1(b)(10) (defendant was likely to respond affirmatively to probation). The judge found the aggravating factors outweighed the mitigating factors and imposed the probationary sentence noted above.

## II.

The State concedes that under the facts of this case, defendant's conviction for aggravated assault merges into his conviction for robbery. It argues, however, that the merger did not "extinguish" defendant's conviction for second-degree aggravated assault, thereby making him ineligible for special probation under Section b(2). Defendant counters by contending the judge properly "determined the legal effect of merger," which resulted in defendant's conviction for second-degree robbery and burglary, neither of which are disqualifying convictions under Section b(2).

"Because the issue before us is one of law, our review is 'de novo and we owe no deference to the trial [judge]'s interpretation of the law and the legal consequences that flow from established facts.'" State v. Stalter, 440 N.J. Super. 548, 553 (App. Div.) (alteration in original) (quoting State v. Bradley, 420 N.J. Super.

138, 141 (App. Div. 2011)), certif. denied, 223 N.J. 355 (2015).
We are required to construe the Statute, recognizing "[t]he goal
of all statutory interpretation 'is to give effect to the intent
of the Legislature.'" State v. Morrison, 227 N.J. 295, 308 (2016)
(quoting Maeker v. Ross, 219 N.J. 565, 575 (2014)). "In doing so,
'we must construe the statute sensibly and consistent with the
objectives that the Legislature sought to achieve.'" Ibid.
(quoting Nicholas v. Mynster, 213 N.J. 463, 480 (2013)). Further,
in considering the law of merger and the particular facts of this
case, "[w]e [must] not adopt an interpretation of the statutory
language that leads to an absurd result or one that is distinctly
at odds with the public-policy objectives of a statutory scheme."
Ibid. (citing Murray v. Plainfield Rescue Squad, 210 N.J. 581, 592
(2012)).

A.

The Statute provides that "[a]ny person who is ineligible for
probation due to a conviction for a crime which is subject to a
presumption of incarceration or a mandatory minimum period of
parole ineligibility may be sentenced to a term of special
probation . . . ." N.J.S.A. 2C:35-14(a). Special probation has
been an available sentencing alternative since 1999, when the
Legislature amended the statute. State v. Bishop, 429 N.J. Super.

533, 540 (App. Div. 2013), aff'd o.b., 223 N.J. 290 (2015). As

Judge Lisa succinctly wrote:

> Special probation [wa]s designed to divert otherwise prison-bound offenders into an intensive and highly specialized form of probation designed to "address in a new and innovative way the problem of drug-dependent offenders caught in a never-ending cycle of involvement in the criminal justice system." Thus, the Legislature created special probation as a disposition aimed specifically at prison-bound offenders, who would not be eligible for regular probation.
>
> [Ibid. (quoting State v. Meyer, 192 N.J. 421, 434-35 (2007)).]

Special probation "and Drug Courts serve complementary purposes."

Meyer, supra, 192 N.J. at 424. Special probation provides one

route, or track, by which certain offenders become eligible for

Drug Court, a "specialized court[] . . . that target[s] drug-

involved 'offenders who are most likely to benefit from treatment

and do not pose a risk to public safety.'" Id. at 428-29 (quoting

Administrative Office of the Courts, Manual for Operation of Adult

Drug Courts In New Jersey (July 2002), at 3).[3]

While broadening the universe of eligible defendants beyond

those sentenced for drug-related offenses, the 1999 amendment to

---

[3] Because "Drug Courts are a creature of the judiciary," a second track for admission is available through application of the Drug Court Manual and the general sentencing provisions of the Criminal Code. State v. Clarke, 203 N.J. 166, 174 (2010) (quoting Meyer, supra, 192 N.J. at 430).

A-0932-16T2

the Statute made certain offenders ineligible for special probation. See L. 1999, c. 376 (2000). For example, anyone who possessed a firearm at the time of the offense, or had a pending charge involving a firearm, and anyone who had been previously convicted on two or more separate occasions for crimes of the first, second or third degree, other than possession of CDS, was ineligible for special probation. N.J.S.A. 2C:35-14(a)(5) and (6) (2000). As first enacted, Section a(7) prohibited special probation for any defendant "previously convicted or adjudicated delinquent for, [or who had] a pending charge of murder, aggravated manslaughter, robbery, kidnapping, aggravated assault, aggravated sexual assault or sexual assault . . . ." N.J.S.A. 2C:35-14(a)(7) (2000) (emphasis added). Additionally, the court could not sentence defendants convicted of first-degree crimes, or crimes of violence as then defined by NERA, to special probation. N.J.S.A. 2C:35-14(b)(1) and (2) (2000).

There were minor modifications over ensuing years. For example, in 2001, the Legislature amended Section b(2) "to reflect changes made in [NERA], applying that provision not to 'crimes of violence,' but rather to specifically enumerated first or second degree crimes." Cannel, New Jersey Criminal Code Annotated, comment 1 on N.J.S.A. 2C:35-14 (2016-17) (citing L. 2001, c. 129). The same legislation modified NERA, including robbery, second-

A-0932-16T2

degree burglary and second-degree aggravated assault in the list of crimes specifically enumerated. N.J.S.A. 2C:43-7.2(d) (2001).

In 2012, however, the Legislature significantly amended the Statute. L. 2012, c. 23 (2012). First, it removed robbery from the crimes list in Section a(7), for which a pending charge or prior conviction would deny eligibility for special probation. Additionally, the Legislature amended Section b(2) so that it now reads: "A person shall not be eligible for special probation pursuant to this section if the person is convicted of or adjudicated delinquent for . . . a crime of the first or second degree [subject to NERA], other than a crime of the second degree involving . . . robbery or . . . burglary." (Emphasis added).[4] By this express language, the Legislature permitted the court to sentence a defendant convicted of second-degree robbery or burglary to special probation. At the same time, however, the Legislature continued to bar those convicted of second-degree aggravated assault from special probation.

<div align="center">B.</div>

Section a(7) prohibits a sentence of special probation if a defendant was previously convicted of certain crimes, including

---

[4] Pursuant to N.J.S.A. 2C:43-7.2(a), NERA's parole ineligibility periods apply to first- and second-degree crimes, including robbery and burglary. See N.J.S.A. 2C:43-7.2(d)(9) and (12).

A-0932-16T2

aggravated assault, or has a pending charge for aggravated assault. In sentencing defendant, the judge noted that defendant satisfied Section a(7) because after the merger, he had no "pending charge" for aggravated assault. Based upon both the structure of the Statute and its legislative history, we first clarify that defendant satisfied Section a(7) without regard to issues of merger.

The Statute is a sentencing provision that provides one of many dispositions authorized by our Criminal Code. Bishop, supra, 429 N.J. Super. at 540. It permits a "drug or alcohol dependent person," "subject to sentencing" to receive a probationary sentence, unless he or she is being sentenced for a crime listed in N.J.S.A. 2C:35-14(b). (Emphasis added). Section a(7) only prohibits the judge from imposing a sentence of special probation if the defendant has been "previously" convicted of certain offenses or has a "pending" charge for such offense. The legislative history of the 2012 amendment makes clear that the Legislature intended to exclude the crime for which a defendant is facing sentence from consideration under Section a(7). See Senate Budget and Appropriations Committee, Statement to S. 881 (Apr. 3, 2012) ("This list of prohibited offenses [in Section a(7)] does not apply to the conviction for which the offender is currently being sentenced.").

A-0932-16T2

In this case, the limited record provided to us demonstrates defendant had not been previously convicted of a disqualifying offense, nor did he have other pending charges for such an offense. As a result, defendant satisfied Section a(7) independent of the merger issue.

C.

When the Senate Judiciary Committee approved its version of the 2012 amendment, second-degree robbery and burglary were both included in the list of disqualifying crimes in Section b(2). Senate Judiciary Committee, Statement to S. 881 (February 16, 2012). The April 3, 2012 hearing of the Budget and Appropriations Committee, however, provides a glimpse into the reasoning behind the Legislature's subsequent decision to permit a sentence for special probation upon conviction of second-degree robbery or burglary.[5] One senator, himself the victim of a robbery, noted that such crimes were committed by "addicts . . . to support their addiction." He noted those involved in his case "didn't beat [him] up" and "didn't harm [him]." Another agreed to the proposal only for "non-violent" robbery. A third stated the amendment was intended to "cover . . . the person that is shoplifting a bag of

---

[5]  The proceedings are available at http://www.njleg.state.nj.us/media/archive_audio2.asp?KEY=SBA&SESSION=2012.

potato chips, [and] pushes a security officer away with one arm, . . . [o]r a person who goes into a home to burglarize because they need to get drugs, and they find out someone is present and they immediately leave . . . ."

As ultimately adopted by the Legislature, Section b(2) of the Statute is unambiguous and excludes second-degree robbery and burglary as disqualifying crimes. However, the elements of second-degree robbery include the infliction of bodily injury, or the threat of same, or placing the victim in fear, or threatening to commit some other first- or second-degree crime. N.J.S.A. 2C:15-1(a). In short, our Criminal Code's definition of robbery was intended to "address[] the criminal who is prone to use violence." Mirault, supra, 92 N.J. at 499. Likewise, burglary is a crime of the third-degree. N.J.S.A. 2C:18-2(a). It is elevated to a second-degree crime, and thus subject to NERA, only when the actor inflicts, attempts to inflict or threatens bodily injury, or is armed with or displays a deadly weapon. N.J.S.A. 2C:18-2(b). Second-degree burglary is, by its nature, a violent offense.

The proceedings before the Budget and Appropriations Committee reveal that some legislators may have concluded removing a blanket prohibition for second-degree burglary and robbery was less problematic because a sentencing judge must ultimately find the defendant presents "no danger to the community" if placed on

special probation. N.J.S.A. 2C:35-14(a)(9). However, we remain mindful of the Legislature's comments expressing an intention to prohibit certain violent offenders from being sentenced to special probation. The legislative proceedings make clear that the 2012 amendment intended a limited result, and conviction of a violent crime, such as an aggravated assault involving the infliction of serious bodily injury, still prohibited a sentence of special probation.

D.

As noted, the State concedes defendant's conviction for aggravated assault merges into his convictions for robbery. As in Mirault, supra, 92 N.J. at 503-04, "the proofs to sustain the aggravated assault and the robbery . . . were identical." However, this case presents an anomaly that bears mentioning.

Defendant was indicted for and pled guilty to second-degree robbery, defined, among other things, as inflicting bodily injury upon another in the course of committing a theft. N.J.S.A. 2C:15-1(a)(1). He was also indicted for and pled guilty to second-degree aggravated assault, i.e., purposely or knowingly causing or attempting to cause serious bodily injury. N.J.S.A. 2C:12-1(b)(1). Robbery is elevated to a crime of the first-degree if the actor "purposely inflicts or attempts to inflict serious bodily injury" during the commission of a theft. N.J.S.A. 2C:15-1(b).

15

In other words, defendant admitted under oath committing all the elements necessary for first-degree robbery, an offense that clearly made him ineligible for special probation under Section b(2).

The State's essential argument is that even though defendant's aggravated assault conviction merged with the convictions for second-degree robbery, it was not "extinguished," and therefore, defendant was ineligible for special probation. It relies upon State v. Pennington, 273 N.J. Super. 289 (App. Div.), certif. denied, 137 N.J. 313 (1994).

In Pennington, after the defendant was convicted at trial of knowing and purposeful capital murder and felony-murder, the judge merged the two offenses and imposed a death sentence based on the jury's verdict. Id. at 291-92. After the Supreme Court reversed the defendant's capital conviction, the State decided not to retry the case and moved to reinstate the defendant's conviction for felony-murder. Id. at 293. The trial judge granted the motion and sentenced the defendant. Id. at 294. In rejecting the defendant's argument that he could not be sentenced on the previously-merged felony-murder conviction because the Supreme Court did not affirm that conviction, Judge Skillman wrote "[c]onvictions merged for the purpose of sentencing are not extinguished." Id. at 295.

16

In this case, defendant faced sentencing on various charges, none of which had been set aside by judicial review or otherwise. Although limited by its facts, we agree nonetheless that Pennington has relevance. If, for example and for reasons we cannot now conceive, defendant's convictions for robbery or burglary were challenged on appeal and set aside, his conviction for aggravated assault would still stand, and he could not be sentenced to special probation as a result. Similarly, had the State chosen only to indict defendant for second-degree aggravated assault, he would have been ineligible for special probation upon conviction.

Other cases that have considered the effect of merger upon mandatory sentencing aspects for the merged offense more fully support our conclusion. For example, in State v. Dillihay, 127 N.J. 42, 45 (1992), the defendant was convicted of certain drug offenses, including second-degree possession with intent pursuant to N.J.S.A. 2C:35-5, and third degree school-zone offenses under N.J.S.A. 2C:35-7, which includes a non-merger provision with a mandatory minimum sentence. The trial court concluded merger was required under principles of due process and double jeopardy, but that the mandatory minimum for the school-zone offense survived merger. Id. at 45-46.

The Court affirmed the sentence, explaining:

> We base our decision on a construction that effectuates the legislative intent and simultaneously avoids the constitutional issue posed by non-merger. Accordingly, we hold that the school-zone statute must be construed to allow merger of school-zone offenses into first- and second-degree Section 5 offenses provided that a defendant convicted of a drug offense in a school zone is sentenced to no less than the mandatory minimum sentence provided in the school-zone statute. We acknowledge an apparent inconsistency in preserving the mandatory minimum sentence authorized by Section 7 in the context of our holding that the Section 7 conviction must merge into the Section 5 conviction. That result, however, reflects the Legislature's clear intent to impose an enhanced punishment for those who violate Section 5 while in a school zone.
>
> [Id. at 55.]

In a similar vein, relying upon our earlier decision in State v. Baumann, 340 N.J. Super. 553 (App. Div. 2001), the Court held in State v. Wade, 169 N.J. 302, 303 (2001), that the mandatory penalties upon conviction of driving while intoxicated (DWI), N.J.S.A. 39:4-50(a), survived merger into the defendant's conviction for second-degree vehicular homicide, N.J.S.A. 2C:11-5. In Baumann, we concluded the defendant's conviction for DWI merged into his conviction for third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7), and the DWI penalties, including a six-month license suspension, survived the merger. Baumann, supra, 340 N.J. Super. at 554-57; see also State v. Frank, 445 N.J. Super.

98, 109 (App. Div. 2016) (holding that mandatory Title 39 penalties survived merger with a criminal offense that wholly included the elements of the motor vehicle offense).

In this case, the Legislature evidenced its intent to permit a sentence of special probation when the defendant stood before the court convicted of second-degree robbery or second-degree burglary. However, the Legislature spoke just as clearly in continuing to exclude from consideration those convicted of aggravated assault. We liken that continued prohibition to those cases involving mandatory penalties that survive merger discussed above. In such circumstances, the Legislature's will was to mandate certain punishments, regardless of merger. So too in this case, the Legislature intended to exclude those who committed certain crimes of violence, including aggravated assault, from receiving a probationary sentence based upon principles of merger.

This interpretation of the Statute avoids "an absurd result or one that is distinctly at odds with the public-policy objectives of [the] statutory scheme." Morrison, supra, 227 N.J. at 308. Plainly put, if the sentence in this case were permitted to stand, a defendant convicted of only aggravated assault would be ineligible for special probation; this defendant, who admitted under oath committing robbery and burglary in addition to aggravated assault, was nonetheless eligible. We are certain the

19

Legislature never envisioned such a result when it amended the Statute in 2012. As a result, because the judge imposed an illegal sentence under the Statute, we reverse the sentence imposed.

### III.

Finally, we consider the practical effect of our holding. The State argues defendant voluntarily pled guilty to the indictment, and we should remand the matter to the judge for sentencing. Defendant argues that if we vacate the sentence of special probation, we should vacate his guilty pleas because defendant detrimentally relied upon the judge's ruling regarding eligibility under the Statute. We agree with defendant.

We liken the situation to proceedings permitted by Rule 3:9-3(c), where upon the consent of the prosecutor and defense counsel, the judge may indicate his or her preliminary concurrence with a plea agreement or, in the absence of a plea agreement, "the maximum sentence [the judge] would impose in the event the defendant enters a plea of guilty . . . ." Ibid. In such situations, the judge retains the ability to reject the plea if the pre-sentence report provides information previously unknown to the judge or "the interests of justice would [not] be served . . . ." Ibid. Under any circumstances, if the court rejects a defendant's guilty plea, the parties return to the positions that existed before the plea. State v. Pennington, 154 N.J. 344, 362 (1998). Here, of course,

the State never agreed to a plea bargain, nor did it consent to engage in proceedings under <u>Rule</u> 3:9-3(c). However, defendant clearly relied upon the judge's mistaken interpretation of the effect of merger upon Section b(2) in entering his guilty pleas, and this detrimental reliance makes it fundamentally unfair to permit the guilty pleas to stand.[6]

We reverse the sentence of special probation, vacate defendant's guilty pleas and remand the matter to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6] In <u>State v. Bellamy</u>, 178 <u>N.J.</u> 127, 134-40 (2003), the Court permitted a defendant to withdraw his guilty plea where he was misinformed of the plea consequence of community supervision for life, thereby depriving him of the information to make a knowing and voluntary decision to plead guilty. <u>See also</u> <u>State v. Rosario</u>, 391 <u>N.J. Super.</u> 1, 14-15 (App. Div. 2007) (enforcing defendant's plea bargain because he detrimentally relied upon representations made by the prosecutor).

A-0932-16T2