**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0360-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARCELINO GARCIA,

     Defendant-Appellant.

_____

Submitted November 5, 2018 – Decided December 3, 2018

Before Judges Messano and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Accusation No. 16-11-1165.

Joseph E. Krakora, Public Defender, attorney for appellant (Cody T. Mason, Assistant Deputy Public Defender, of counsel and on the brief).

Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent (William P. Miller, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel; Catherine A. Foddai, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Marcelino Garcia pled guilty to eight counts of second-degree robbery, N.J.S.A. 2C:15-1(a)(2), one count for each of the eight different banks he robbed over a fifteen-month period between February 2015 and June 2016. The State of New Jersey agreed to recommend concurrent ten-year terms of imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and defendant's payment of restitution. Defendant then applied for special Drug Court probation pursuant to N.J.S.A. 2C:35-14(a).

A TASC[1] evaluation concluded defendant "manifest[ed] symptoms of [m]oderate [o]piate [u]se [d]isorder." It noted, however, that defendant's "self-report [was] of questionable validity," because defendant denied the use of any substances other than alcohol and tobacco to the jail's medical staff and exhibited no "withdrawal symptoms" upon admission to the jail, despite his claim of using "a bundle of heroin daily, in conjunction with . . . other substances . . . ." Defendant's girlfriend "verified [he] engage[d] in the use of substances and this ha[d] caused negative issues in their relationship." "Based upon [defendant's] self-report," the evaluator recommended he be referred for intensive outpatient services.

_____

[1] Treatment Assessment Services for the Courts.

A-0360-17T4

In his written objection to the court, the prosecutor argued defendant committed the robberies for profit, not to support a drug habit, and presented a continuing threat to the community. The prosecutor noted defendant showed no signs of being under the influence of drugs when arrested, and, in a statement given to law enforcement at that time, defendant said he committed the robberies because he had lost his job and needed money. Defendant described how he researched the banks he robbed and carefully devised and executed his robberies.

After hearing oral argument, the Drug Court judge reserved decision. Approximately one week later, he denied defendant's application in an oral opinion placed upon the record, and filed a conforming order. Another judge sentenced defendant to eight concurrent sentences of ten years' imprisonment each, subject to an eighty-five percent period of parole ineligibility as required by NERA, and restitution. This appeal followed.

Defendant raises the following points for our consideration:

POINT I

A REMAND FOR RECONSIDERATION OF THE DRUG COURT APPLICATION IS REQUIRED BECAUSE THE DRUG COURT JUDGE APPLIED A LEGALLY IMPROPER STANDARD OF REVIEW AND FAILED TO FULLY AND FAIRLY CONSIDER THE REVEVANT FACTS.

3

A. A Remand is Required Because the Drug Court Judge Wrongly Applied an Abuse of Discretion Standard of Review.

B. A Remand Is Required Because the Drug Court Judge Did Not Fully and Fairly Consider All the Relevant Facts.

POINT II

RESENTENCING IS REQUIRED BECAUSE THE JUDGE REJECTED A RELEVANT MITIGATING FACTOR AND BASED AN AGGRAVATING FACTOR ON DEFENDANT'S DRUG ADDICTION DESPITE CASE LAW PROHIBITING SUCH CONSIDERATION, AND DEFENDANT'S DRUG COURT APPLICATION HAVING BEEN DENIED BASED ON A LACK OF ADDICTION.

After considering these arguments in light of the record and applicable legal standards, we affirm.

"Special probation 'and Drug Courts serve complementary purposes.'" State v. Ancrum, 449 N.J. Super. 526, 532 (App. Div. 2017) (quoting State v. Meyer, 192 N.J. 421, 424 (2007)). "Special probation provides one route, or track, by which certain offenders become eligible for Drug Court, a specialized court[] . . . that target[s] drug-involved offenders who are most likely to benefit from treatment and do not pose a risk to public safety." Ibid. (quoting Meyer, 192 N.J. at 428-29 (internal quotations omitted)). "Under [this] track, to meet the requirements for 'special probation,' the applicant must have committed a

4

crime that is subject to a presumption of incarceration or a mandatory prison term, and the judge must find that the applicant satisfies nine separate factors." State v. Clarke, 203 N.J. 166, 175 (2010) (citing N.J.S.A. 2C:35-14(a)(1)). Three of the nine factors most relevant to this appeal are: factor two, whether the defendant is drug or alcohol dependent and was so at the time he committed the present offense; factor three, whether the defendant committed the present offense while under the influence of a controlled dangerous substance, its analog or alcohol; and factor nine, whether danger to the community will result from a special probationary sentence. N.J.S.A. 2C:35-14(a) (2), (3) and (9).

In denying defendant's application, the Drug Court judge began his oral decision by stating, "The courts have recognized that the Prosecutor's Office has discretion in deciding whether or not to admit participants into Drug Court. Obviously, such discretion . . . is not unfettered and is subject to a court review." Defendant seizes on this statement and argues that the judge applied the wrong standard in deciding whether to admit defendant to Drug Court.

Prior to 2012, the prosecutor's objection to a defendant's participation in Drug Court was sufficient to block admission, and the prosecutor's decision was subject to review for a patent and gross abuse of discretion. N.J.S.A. 2C:35-14(c) (2009) (amended 2015); see also Clarke, 203 N.J. at 175 (quoting Meyer,

192 N.J. at 432 ("If the prosecutor does not consent, the trial judge may only admit the applicant under track one 'if the judge finds a gross and patent abuse of prosecutorial discretion.'")). However, in 2012, the Legislature amended N.J.S.A. 2C:35-14 and repealed subsection (c). See State v. Hyland, 452 N.J. Super. 372, 387-89 (App. Div. 2017) (explaining history of the amendment). As a result, the prosecutor's objection is a factor in the court's "consider[ation] [of] all relevant circumstances," nothing more. N.J.S.A. 2C:35-14(a).

Defendant's argument might have some merit, but for the fact that the judge immediately continued by indicating he had "on numerous occasions . . . overruled the State's objection to a person being admitted into Drug Court. The prior standard was gross and patent abuse of discretion . . . [but] that is no longer the standard for reviewing the [p]rosecutor's decision whether or not to admit or reject someone's entry into Drug Court." The judge then considered defendant's application in light of the nine statutory factors. As a result, we reject defendant's claim that the judge deferred to the prosecutor's objection and relinquished his obligation to consider "all relevant circumstances."

For example, the judge found "there needs to be a nexus between the crime committed and the participant's drug problem." See N.J.S.A. 2C:35-14(a)(3). The judge expressed his concern about the "veracity" of defendant's self-

6

reported drug abuse. He noted the testimony of defendant's girlfriend and father during the earlier hearing, but found it was "not fully illuminating" and did not convince him of defendant's drug abuse. The judge acknowledged, "defendant was caught while in the jail with drugs," but, after considering the "totality of the circumstances,"

> particularly . . . defendant's behavior in the wake of his arrest for the robberies, from the bank robberies, the amounts involved,[2] there didn't appear at that time to be any indication that . . . defendant was under the influence when he committed these acts or that he committed these acts to support his drug habit.

Defendant contends the "judge did not fully and fairly consider all the relevant facts." He argues the judge discounted the TASC report because it relied upon defendant's self-report, yet professional standards among medical providers in the field "are inherently focused on client interviews and self-reporting." Defendant also claims the judge failed to consider fully the testimony of defendant's father and girlfriend.

These arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). It is quite clear from the entire record that the judge

---

[2] Defendant told police he obtained more than $55,000 from the bank robberies.

A-0360-17T4

gave careful consideration to all relevant circumstances. We affirm the order denying defendant's admission into Drug Court.

Defendant was twenty-four years old at the time of sentencing and had no prior arrests or convictions. The sentencing judge found aggravating factors three and nine. N.J.S.A. 2C:44-1(a)(3) (the risk of re-offense); and (a)(9) (the need to deter defendant and others). She also found mitigating factors six and seven. N.J.S.A. 2C:44-1(b)(6) (defendant would be compensating his victims through restitution); and (b)(7) (defendant's lack of any prior delinquency or criminal activity). The judge rejected other mitigating factors urged by defense counsel and sentenced defendant as already noted.

Before us, defendant argues there was no support for the judge's finding of aggravating factor three, and she should have found mitigating factors three, nine and twelve. See N.J.S.A. 2C:44-1(b)(3) (defendant acted under a strong provocation, that is, his drug habit); (b)(9) (defendant's character and attitude made it unlikely he would commit another offense); and (b)(12) (defendant's willingness to cooperate with law enforcement). We disagree and affirm defendant's sentence.

"Appellate review of sentencing is deferential, and appellate courts are cautioned not to substitute their judgment for those of our sentencing courts."

State v. Case, 220 N.J. 49, 65 (2014) (citing State v. Lawless, 214 N.J. 594, 606 (2013)). Generally, we only determine whether:

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [State v. Fuentes, 217 N.J. 57, 70 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65, (1984)).]

Defendant notes the judge found aggravating factor three based solely upon defendant's self-reported drug abuse. We recently noted that a defendant's "substantial level of intoxication" at the time of offense supported a finding that he or she present a risk of re-offense. State v. Locane, 454 N.J. Super. 98, 125 (App. Div. 2018). In State v. Bienek, 200 N.J. 601, 610 (2010), the Court specifically approved a finding of aggravating factor three premised upon the defendant's substance abuse problems. While we acknowledge the divergent conclusions reached by the Drug Court judge and the sentencing judge about the level of defendant's substance abuse problems, we cannot say the sentencing judge's determination lacked support in the record. A finding of aggravating factor three is inconsistent with a finding of the related mitigating factor nine.

A-0360-17T4

We find no error in the judge's rejection of mitigating factor twelve. The record reveals that defendant met with members of law enforcement to provide information. However, defense counsel could not verify what information was actually provided, whether it was truthful and what, if anything, resulted thereafter.

Defendant pled guilty to eight separate robberies committed over fifteen months. He received a sentence in accordance with the plea agreement. A "presumption of reasonableness . . . attaches to criminal sentences imposed on plea bargain defendants." State v. Sainz, 107 N.J. 283, 294 (1987). The sentence imposed does not shock the judicial conscience.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0360-17T4