NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5654-18T4
     A-0854-19T4
     A-1287-19T4

STATE OF NEW JERSEY,

   Plaintiff-Respondent,

v.

TEVIN M. FIGARO,

   Defendant-Appellant.

_____

STATE OF NEW JERSEY,

   Plaintiff-Respondent,

v.

ANTHONY J. GREEN, a/k/a
ANTHONY MCFARLAND,
and ANTHONY J. JOHNSON,

   Defendant-Appellant.

_____

STATE OF NEW JERSEY,

   Plaintiff-Respondent,

v.

ABE HAROLD,

| APPROVED FOR PUBLICATION |
| :---: |
| **February 25, 2020** |
| **APPELLATE DIVISION** |

Defendant-Appellant.

_____

Argued January 27, 2020 – Decided February 25, 2020

Before Judges Messano, Ostrer and Vernoia.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Cumberland County, Indictment Nos. 17-05-0465, 17-10-0945, 17-10-0961, 19-03-0275, and 19-04-0318, and Accusation No. 16-09-0824.

Stephen P. Hunter, Deputy Public Defender, argued the cause for appellants Tevin M. Figaro, Abe Harold, and Anthony Green (Joseph E. Krakora, Public Defender, attorney; Stephen P. Hunter, of counsel and on the briefs).

Jasmine L. S. Dobosiewicz Ostrow, Assistant Prosecutor, argued the cause for respondent (Jennifer Webb-McRae, Cumberland County Prosecutor, attorney; Jasmine L. S. Dobosiewicz Ostrow, of counsel and on the briefs).

The opinion of the court was delivered by

MESSANO, P.J.A.D.

First in State v. Meyer, 192 N.J. 421, 431–33 (2007), again in State v. Clarke, 203 N.J. 166, 174–77 (2010), and most recently in State v. Hyland, 238 N.J. 135, 144 n.3 (2019), the Court plainly held that there are two tracks available for entry into our Drug Courts. Track One is available to those eligible for special probation pursuant to N.J.S.A. 2C:35-14(a), and who otherwise satisfy the statutory criteria. See Hyland, 238 N.J. at 144; Clarke,

203 N.J. at 175; Meyer, 192 N.J. at 431–32. Track Two "permits applicants to be admitted into Drug Court 'under the general sentencing provisions of the Code of Criminal Justice.'" Clarke, 203 N.J. at 175 (quoting Meyer, 192 N.J. at 432). "N.J.S.A. 2C:35-14 does not establish and indeed does not even mention Drug Courts." Meyer, 192 N.J. at 428. Rather, "Drug Courts are a creature of the judiciary[,]" and, as such, are "subject to the constitutional purview of [the Supreme] Court, which executes its policies through the Administrative Office of the Courts [(AOC)]." Id. at 430; see also, In re Application of Carlstrom, ___ N.J. ___, ___ (2020) (slip op. at 13) ("[An AOC] Directive is an expression of [the] Court's constitutionally granted rule-making authority over all state courts.").

The AOC issued the first Drug Court Manual in 2002 "to implement 'uniform statewide eligibility criteria' to ensure equitable operation of the Drug Court program throughout the State." Meyer, 192 N.J. at 431 (citing Administrative Office of the Courts, "Manual for Operation of Adult Drug Courts in New Jersey" (July 2002) (the 2002 Manual)). The AOC revised the 2002 Manual in 2019, Administrative Office of the Courts, "New Jersey Statewide Drug Court Manual" (2019) (the Manual), and those revisions are the crux of these appeals.

3                                                                     A-5654-18T4

We granted defendants Tevin M. Figaro, Anthony J. Green, and Abe Harold, leave to appeal, calendared their appeals back-to-back, and now consolidate them for the purpose of issuing a single opinion. All three defendants face potential sentencing for violations of probation or for alleged newly-committed offenses that are not "subject to a presumption of incarceration or a mandatory minimum period of parole ineligibility[.]" N.J.S.A. 2C:35-14(a). Therefore, defendants are eligible for probationary sentences at the discretion of the sentencing judge. Defendants applied to Drug Court, hoping the sentencing court would consider their entry under Track Two as a "reasonable condition[]" of any potential probationary sentence pursuant to N.J.S.A. 2C:45-1(a). However, all three defendants had been previously convicted of offenses that made them ineligible for admission to Drug Court, if N.J.S.A. 2C:35-14(a) applied.

The State opposed each defendant's application, arguing that all of the statutory disqualifications for special probation under N.J.S.A. 2C:35-14(a) were adopted by the Manual and applied to applicants on both tracks for admission to Drug Court. Defendants filed motions seeking a declaration that there was "no legal bar to [their] participation in . . . drug court," and requesting that their applications "move forward." The Law Division judge agreed with the State's arguments and entered orders denying defendants'

A-5654-18T4

motions. In each case, the judge stayed the order pending interlocutory appeal, thereby permitting defendants' applications and evaluations to proceed.[1]

Defendants present identical arguments:

> THIS MATTER SHOULD BE REMANDED FOR RECONSIDERATION OF [DEFENDANT'S] DRUG COURT APPLICATION BECAUSE THE JUDGE DID NOT APPLY CORRECT LEGAL PRINCIPLES IN FINDING THAT THE 2019 MANUAL INTENDED THE STATUTORY BARS OF N.J.S.A. 35-14 TO APPLY TO TRACK TWO.
>
> A. Prior To The 2019 Manual, The Legal Authority For Automatic Bars To Track Two Came From The 2002 Manual. The Plain Language Of The 2019 Manual Removed The Automatic Bars To Track Two[.]
>
> B. The Legislature Adopted The Holding Of State v. Meyer . . . By Amending N.J.S.A. 2C:35-14 To Clearly Indicate That the Statutory Bars Of [N.J.S.A.] 2C:35-14 Do Not Apply To Track Two. The 2019 Manual Is Consistent With This Legal Framework.

Having considered the arguments in light of the record and applicable legal principles, we reverse and remand the matters to the trial court for further proceedings consistent with this opinion.

## I.

We briefly set forth the circumstances surrounding each defendant's appeal.

---

[1] We do not know what resulted.

A-5654-18T4

Tevin M. Figaro

In February 2018, after having pled guilty to third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1), defendant was sentenced to two years of non-custodial probation conditioned on his "report[ing] to substance abuse evaluations and follow[ing] any and all recommendations." In November 2018, the probation department filed violation of probation (VOP) charges against defendant and added additional charges in March 2019. He was arrested on a VOP warrant in May 2019.

Defendant applied to Drug Court. The prosecutor reviewed his application and determined that he "was previously adjudicated delinquent for aggravated assault[] and is therefore statutorily barred from entry into the Drug Court program."[2] Defendant sought the court's review. After considering the parties' briefs and oral argument, the judge entered an order denying defendant's motion to continue the processing of his application. Citing three specific references to N.J.S.A. 2C:35-14 in the Manual, the judge reasoned, "The only conclusion . . . I can come to is that the new manual . . . attempted to create . . . uniformity in calling it the 'drug court' [statute] and basing the criteria [for admission] . . . on [N.J.S.A.] 2C:35-14."

---

[2] The prosecutor's recommendation was on a form entitled "Notice of Legal Eligibility." It did not contain the statutory cite of defendant's aggravated assault adjudication.

<u>Anthony J. Green</u>

In April 2018, following a guilty plea to third-degree burglary, N.J.S.A. 2C:18-2(a)(1), defendant was sentenced to three years of non-custodial probation conditioned on serving 364 days in the Cumberland County Jail, undergoing a substance abuse evaluation, and complying with all treatment recommendations. The probation department filed VOP charges against defendant in October 2018, and amended them to include additional charges in December.

The State recommended rejection of defendant's subsequent application to Drug Court, stating defendant's previous convictions "on two or more separate occasions," for a second-degree and a third-degree offense, including two prior convictions for aggravated assault, barred him from entry into Drug Court pursuant to N.J.S.A. 2C:35-14(a)(6) and (7).[3] The prosecutor added: "Pursuant to the newly released Drug Court Manual, the statutory eligibility criteria of N.J.S.A. 2C:35-14 now appl[y] to all Drug Court applicants." Defendant sought the court's review.

---

[3] According to the prosecutor's letter to the judge recommending rejection, defendant was convicted of second-degree robbery and third-degree aggravated assault under a 1998 indictment, and third-degree aggravated assault under a 1995 indictment. No statutory cites were included.

After briefing and argument, the judge entered an order denying defendant's motion to permit processing of his Drug Court application. As he did in Figaro's case, the judge reasoned that pursuant to the Manual, N.J.S.A. 2C:35-14's statutory bars applied to both tracks for admission to Drug Court.

Abe Harold

In December 2016, after having pled guilty to fourth-degree criminal trespass, N.J.S.A. 2C:18-3(a), defendant was sentenced to two years of non-custodial probation conditioned on serving 364 days in the Cumberland County Jail. Defendant was subsequently arrested, a VOP was filed, and he pled guilty to third-degree burglary and the VOP. N.J.S.A. 2C:18-2(a)(1). The judge imposed another probationary sentence, concurrent to the one defendant was already serving.[4]

In September 2018, the probation department again filed VOP charges based upon, among other things, defendant's arrest for drug offenses. In March 2019, a grand jury indicted him for third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1). Another indictment was returned in April, charging defendant with third-degree burglary, N.J.S.A. 2C:18-2(a)(1), and fourth-degree theft, N.J.S.A. 2C:20-3(a).

---

[4] While these second charges were pending, defendant applied for admission to Drug Court but was found clinically ineligible.

Defendant applied to Drug Court. The State recommended rejection, stating defendant's previous convictions "on two or more separate occasions" for a second-degree and third-degree offense, "statutorily barr[ed] him from [the] Drug Court" program "pursuant to N.J.S.A. 2C:35-14(a)(6)."[5] As it did with the other two defendants, the State argued: "Pursuant to the newly released Drug Court Manual, the statutory eligibility criteria of N.J.S.A. 2C:35-14 now appl[y] to all Drug Court applicants."

After considering the parties' briefs and oral arguments, the judge denied defendant's motion. Employing similar reasoning as he did with defendants Figaro and Green, and again citing three references to N.J.S.A. 2C:35-14 in the Manual, he concluded the statutory bars applied to all Drug Court applications, whether made under Track One or Track Two.

II.

Our review is de novo, without deference to the Law Division judge's reasoning, because appeals construing N.J.S.A. 2C:35-14 and the manuals present solely questions of law. State v. Maurer, 438 N.J. Super. 402, 411 (App. Div. 2014).

---

[5] According to the prosecutor's letter to the judge, defendant was previously convicted of second-degree robbery under a 1994 indictment, and third-degree resisting arrest under a 2003 indictment. No statutory cites were included in the prosecutor's letter.

"N.J.S.A. 2C:35-14 was enacted in 1987 as part of the Comprehensive Drug Reform Act of 1987 . . . 'to craft a new disposition alternative that allowed a court to divert prison-bound defendants into an intensively monitored and long-term program of rehabilitation[.]'" Hyland, 238 N.J. at 144 (quoting Meyer, 192 N.J. at 434). "Special probation has been an available sentencing alternative [under N.J.S.A. 2C:35-14] since 1999, when the Legislature amended the statute." State v. Ancrum, 449 N.J. Super. 526, 532 (App. Div. 2017) (citing State v. Bishop, 429 N.J. Super. 533, 540 (App. Div. 2013), aff'd o.b., 223 N.J. 290 (2015)). The Court recently recounted in detail the legislative history of N.J.S.A. 2C:35-14 since its enactment. Hyland, 238 N.J. at 144–45.

We need not repeat it here, except to note that the Legislature has moved inexorably toward expanding "special probation" as a sentencing alternative. See, e.g., id. at 145 (noting that the 2012 amendment, which "eliminat[ed] both the prosecutorial veto and the State's right to appeal Drug Court sentences[,]" evidenced a legislative intent to divert additional offenders into the Drug Court program); see Ancrum, 449 N.J. Super. at 534 (noting the same amendment expanded eligibility for special probation and Drug Court by removing the bar to those previously convicted of certain second-degree crimes that are subject

to the No Early Release Act); see also Maurer, 438 N.J. Super. at 413 ("Evidence of the Legislature's intention to liberalize admission to Drug Court is found in the legislative history for the 2012 amendments[]" to N.J.S.A. 2C:35-14.).

Special probation is only available to offenders who are "ineligible for probation due to a conviction for a crime which is subject to a presumption of incarceration or a mandatory minimum period of parole ineligibility[.]" N.J.S.A. 2C:35-14(a). Of particular relevance to these appeals, certain otherwise eligible offenders are ineligible for special probation because of prior convictions. See, e.g., N.J.S.A. 2C:35-14(a)(7) (making ineligible for Drug Court an offender "previously convicted or adjudicated delinquent for . . . murder, aggravated manslaughter, manslaughter, kidnapping, aggravated assault, aggravated sexual assault or sexual assault"); (a)(6) (making ineligible for Drug Court an offender convicted "on two or more separate occasions of crimes of the first or second degree, other than those listed in paragraph (7); or . . . has . . . been previously convicted on two or more separate occasions, where one of the offenses is a crime of the third degree, other than crimes defined in N.J.S.[A.] 2C:35-10, and one of the offenses is a crime of the first or second degree").

Here, all three defendants were ineligible for special probation in the first instance, because none of the charges underlying the VOPs and none of the new charges they faced were "subject to a presumption of incarceration or a mandatory minimum period of parole ineligibility[.]" N.J.S.A. 2C:35-14(a). In addition, Figaro was ineligible for special probation, having been adjudicated delinquent of aggravated assault. N.J.S.A. 2C:35-14(a)(7). Green was ineligible under both subsection (a)(6), having been convicted on two separate occasions for crimes of the second- and third-degree, and (a)(7), having been convicted of aggravated assault. Harold was ineligible for special probation under (a)(6) because of his prior convictions.

In Meyer, the Court rejected an argument nearly identical to that which the State advances here, specifically, "that only those defendants eligible for 'special probation' under N.J.S.A. 2C:35-14 may be admitted into a drug court program." 192 N.J. at 423, 436–37. In 2008, in direct response to the decision in Meyer, the Legislature amended N.J.S.A. 2C:35-14(a) to clarify that nothing in the statute prohibits a person "eligible for probation in accordance with N.J.S.[A.] 2C:45-1 . . . from applying for drug or alcohol treatment as a condition of probation[.]" Bishop, 429 N.J. Super. at 540–41. The statutory amendment made clear that Drug Court was a sentencing option available to a judge via two tracks. In other words, while "[s]pecial probation 'and Drug

Courts serve complementary purposes[,]'" Ancrum, 449 N.J. Super. at 532 (quoting Meyer, 192 N.J. at 424), "Drug Court is available under two tracks (special probation and regular probation), [and] the two are separate and distinct[,]" Bishop, 429 N.J. Super. at 540. Eligibility for entry into Drug Court via Track Two has always be governed by the Drug Court Manuals. See Clarke, 203 N.J. at 175–76; Meyer, 192 N.J. at 431–34; Maurer, 438 N.J. Super. at 412–15.

Given this precedent, why is there any confusion about the eligibility of defendants in these appeals to at least apply to Drug Court under Track Two? The answer lies in revisions made to that section of the Manual explaining legal eligibility for Drug Court.

### B.

The 2002 Manual expressly described two eligibility tracks for Drug Court: 1) pursuant to N.J.S.A. 35-14; and, 2) "under the general sentencing provisions of the Code of Criminal Justice." Meyer, 192 N.J. at 432 (citing 2002 Manual, at 16). The 2002 Manual explicitly contained separate guidelines for admission under both tracks. 2002 Manual at 9–18. As to Track One, the 2002 Manual included the statutory bars to admission then contained in N.J.S.A. 2C:35-14. Id. at 11–13. As to Track Two, an applicant was eligible for Drug Court if:

a. the person ha[d] a drug or alcohol dependence, as determined by a diagnostic assessment and substance abuse treatment and monitoring [was] likely to benefit the person; and

b. the person ha[d] not been previously convicted or adjudicated delinquent for, and does not have a pending charge of murder, aggravated manslaughter, manslaughter, robbery, kidnap[p]ing, aggravated assault, aggravated sexual assault or sexual assault, or a similar crime under the laws of any other state or the United States; and

c. the person did not possess a firearm at the time of the present offense and ha[d] no history of possession of a firearm during an offense; and

d. no danger to the community [was] likely to result from the person being placed on probation.

[Id. at 16 (emphasis added).]

Thus, while establishing a separate track for admission to Drug Court, the 2002 Manual specifically attempted to incorporate statutory bars contained at the time in N.J.S.A. 35-14(a)(5), subsection (c) above, and (7), subsection (b) above. N.J.S.A. 2C:35-14(a)(5) and (7) (2002). Additionally, under the 2002 Manual's guidelines, an offender charged with a first- or second-degree crime was ineligible for Drug Court under either track. Id. at 17. However, the 2002 Manual did not include the statutory bar then contained in N.J.S.A. 2C:35-14(a)(6), which barred from special probation any person "previously convicted on two or more separate occasions of crimes of the first, second[,] or

14

third degree, other than crimes defined in N.J.S.A. 2C:35-10." N.J.S.A. 2C:35-14(a)(6) (2002).

As we noted in Maurer, the 2002 Manual imposed more stringent eligibility requirements for applicants under Track Two than existed for applicants under Track One special probation. 438 N.J. Super. at 405. In Maurer, the defendant, otherwise eligible for Track Two consideration, was denied admission to Drug Court because of a prior conviction for possession of a handgun. Id. at 408. We observed that the 2002 Manual's

> condition [wa]s more restrictive than the similar requirement for Track One offenders who commit a more serious offense. Under [N.J.S.A. 2C:35-14(a)(5)], a Track One offender is eligible for Drug Court if "the person did not possess a firearm at the time of the present offense and did not possess a firearm at the time of any pending criminal charge." A more serious offender may, therefore, have a prior conviction for a weapons charge and still be eligible for Drug Court.
>
> [Id. at 415 (quoting 2002 Manual at 11) (in turn quoting N.J.S.A. 2C:35-14(a)(5) (2002)).]

We recognized the "unfairness" in strictly applying the 2002 Manual's guidelines, "especially in light of the legislature's obvious intention" in the 2012 amendments to N.J.S.A. 2C:35-14 "to liberalize admission to Drug Court

based on the success of the program." Id. at 417.[6] We modified the guidelines and ordered a remand to the Law Division for consideration of the defendant's application, "despite his [conviction for an] earlier weapons offense." Id. at 418.

The new Manual includes significant amendments which we acknowledge create some ambiguities. It first reiterates that any "defendant is legally eligible for drug court if he or she qualifies for sentencing to special probation under N.J.S.A. 2C:35-14 (Track One) or regular probation under N.J.S.A. 2C:45-1 (Track Two)." Manual, at 9 (emphasis added). The State concedes that the Manual preserved admissions into Drug Court via two tracks.

However, the State argued, and the judge accepted, that three specific references to N.J.S.A. 2C:35-14 in the legal eligibility section of the Manual make it clear that the AOC purposely created uniformity in Drug Court eligibility under both tracks. These references are:

- First, among other things, "[t]he legal screening for drug court acceptance could involve a review of the following: [s]tatutory eligibility criteria contained in N.J.S.A. 2C:35-14 or other statutory provisions in the code, if applicable." Ibid. (emphases added).

---

[6] We also noted another anomaly. While the 2012 amendments to N.J.S.A. 2C:35-14 "removed the express ban on admission of those defendants who committed either second-degree robbery or burglary offenses[,]" the 2002 Manual continued to bar Track Two admission to an applicant previously convicted of second-degree robbery. Id. at 414.

- Second, the prosecutor "should review the candidate for presumptive legal eligibility and then forward a letter indicating a recommendation as to legal eligibility[.]" Ibid.

    "A drug court prosecutor can recommend a legal rejection based on N.J.S.A. 2C:35-14 and whether the applicant is a potential danger to the community." Ibid. (emphasis added).

- Third, "[a]n applicant's acceptance into drug court should be based on the defendant's clinical and legal eligibility, in accordance with the drug court statute." Id. at 9–10. The State argued, and the judge found, the "drug court statute" was N.J.S.A. 2C:35-14.

In short, citing these three portions of the Manual, the judge accepted the State's contention that all the legal eligibility bars contained in N.J.S.A. 2C:35-14 apply with equal force to Track Two applicants, like defendants.

As part of broader arguments asserted on appeal, the State reiterates that the intent behind the Manual was to foster uniformity and subject all Drug Court applicants to the same legal eligibility criteria, namely N.J.S.A. 2C:35-14, something the State says is consistent with the "historical move towards Drug Court uniformity." It also asserts that the Court's holding in Meyer, and our decision in Maurer, were "not incorporated into N.J.S.A. 2C:35-14," and were rendered "moot" by adoption of the Manual. While acknowledging that the Manual should be clearer in addressing the preservation of two tracks and different legal eligibility for each, we reject the State's contentions for a variety of reasons.

17

Initially, the text of the <u>Manual</u>, read in its entirety, does not support the State's claims. For example, the <u>Manual</u> clearly states that "[a]ll violations of probation (VOP) should be screened" for possible admission, and a supervising probation officer may recommend that "the sentencing judge . . . consider drug court as an alternative to incarceration[.]" <u>Id.</u> at 7. The <u>Manual</u> does not prohibit screening VOPs for possible admission where the underlying charge was aggravated assault, even though a prior conviction for aggravated assault is a statutory bar to admission under N.J.S.A. 2C:35-14(a)(7). The <u>Manual</u> further provides that "[a]t the time of re-sentencing to drug court [on a VOP], there must be a minimum of two years of a probationary term remaining to provide the probationer sufficient time to successfully complete the program." <u>Ibid.</u> In other words, the <u>Manual</u> permits a sentence to Drug Court for a VOP, even though the potential sentence is less than the mandatory five-year probationary sentence required by N.J.S.A. 2C:35-14(a), and without the mandatory consequences for violations of special probation contained in subsection (f) of the statute.

The language in the legal eligibility section of the <u>Manual</u> dealing with "legal screening" is permissive, stating the process "<u>could</u> involve a review" of numerous of factors, including "[s]tatutory eligibility criteria contained in N.J.S.A. 2C:35-14 <u>or other statutory provisions in the code, if applicable</u>." <u>Id.</u>

at 9 (emphasis added). If this meant that only one set of eligibility criteria, i.e., N.J.S.A. 2C:35-14, applied to both tracks, as the State contends, there was no need to include the language we have emphasized. The State has not suggested an explanation for the additional language consistent with its argument. Moreover, the Manual could have simply said that the criteria contained in N.J.S.A. 2C:35-14 apply to eligibility under both tracks, if that is what the AOC intended.

The Manual makes clear that the prosecutor may object to any application to Drug Court. See ibid. ("If the prosecutor recommends denial of the application, the reasons for denial must be documented in writing within [ten] days of the application[.]"). Thereafter, the Manual again permits, but does not necessarily require, application of the statutory bars in N.J.S.A. 2C:35-14 by stating: "A drug court prosecutor can recommend a legal rejection based on N.J.S.A. 2C:35-14 and whether the applicant is a potential danger to the community." Ibid. (emphasis added). In other words, the Manual permits the prosecutor to recommend against admission of a Track Two applicant based on the statutory bars. It goes without saying that if the statutory bars automatically applied, no "recommendation" would be necessary because, according to the State, a judge would be legally prohibited from admitting these Track Two applicant-defendants into Drug Court.

19

We are uncertain what the drafters of the Manual meant by stating: "An applicant's acceptance into drug court should be based on the defendant's clinical and legal eligibility, in accordance with the drug court statute." Id. at 10. We acknowledge that the Manual's use of "the drug court statute" is a clear reference to N.J.S.A. 2C:35-14, see id. at 10, 24. As already noted, the statute makes no reference to drug courts. Meyer, 192 N.J. at 428. And, we have already pointed out other portions of the Manual's text that are inconsistent with strict application of the statutory bars to Track Two eligibility.

Additionally, as defendant argues, there are extra-textual reasons for rejecting the State's interpretation of the Manual's legal eligibility requirements for Track Two admission. We noted that the legal eligibility requirements for Track Two contained in the 2002 Manual included two sections that mirrored statutory bars contained in N.J.S.A. 2C:35-14 at the time, thus expressly prohibiting Track Two admission to Drug Court based on certain prior convictions. The AOC removed references to prior convictions of any kind being per se bars to eligibility in the new Manual. Instead, the Manual permits the prosecutor and the court to consider all the "statutory eligibility criteria" contained in N.J.S.A. 2C:35-14 when reviewing a Track Two application and allows the prosecutor to recommend denial based on

those factors. However, "[t]he drug court judge makes all final decisions about <u>program eligibility</u>." <u>Manual</u>, at 9 (emphasis added). Furthermore, there is no indication in the text of the <u>Manual</u> that the AOC impliedly rejected the holdings in <u>Meyer</u> or <u>Maurer</u>, or that they no longer have vitality.

Lastly, contrary to what the State concedes has been a clear intention to expand Drug Court eligibility over the years due to its successes, we observe that the State's interpretation of the <u>Manual</u> would make eligibility under Track Two more restrictive than it was under the <u>2002 Manual</u>. As noted above, Track Two applicants were ineligible under the <u>2002 Manual</u> if they had been previously convicted of the most serious crimes, or possessed a firearm at the time of the present offense or had a history of possessing a firearm during an offense. <u>2002 Manual</u>, at 16. However, Track Two applicants who had multiple prior convictions that were not convictions for the enumerated crimes were not barred. As evidenced by Harold's appeal, under the State's interpretation of the <u>Manual</u>, N.J.S.A. 2C:35-14(a)(6) would present an absolute bar to Track Two admission to Drug Court, because prior multiple convictions for other than the most serious crimes listed in subsection (a)(7) present an insurmountable hurdle. That was not the case under the <u>2002 Manual</u>.

We conclude that the State's interpretation of the Manual's eligibility criteria for Track Two applicants to Drug Court is contrary to the text of the document and the intended expansion of the program. We hasten to add that a judge considering whether a Track Two applicant is a candidate for Drug Court must, of course, decide whether a probationary sentence is appropriate in the first instance. See Clarke, 203 N.J. at 176 ("Under the second track, the applicant must convince the judge that a probationary sentence under the general sentencing provisions of the Code of Criminal Justice is appropriate." (citing Meyer, 192 N.J. at 433)). As the Manual expressly states, the criteria in N.J.S.A. 2C:35-14 are relevant to the prosecutor's recommendation and the court's consideration.

We reverse the orders under review and remand the matters to the trial court for processing of defendants' Drug Court applications. We express no opinion whatsoever about their potential admission to the program or the ultimate sentence to be imposed by the court upon any adjudication of guilt.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5654-18T4